**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Clemente Ramon RODRIGUEZ, Erasmo Gonzalez, Jose M. Barroso, Defendants–Appellants.**

**No. 90–5041.**

United States Court of Appeals,
Eleventh Circuit.

April 24, 1992.

Theodore J. Sakowitz, Federal Public Defender, Kenneth M. Swartz, Asst. Federal Public Defender, Miami, Fla., for Rodriguez.

Irving J. Gonzalez, Hollywood, Fla., for Gonzalez and Barroso.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Carol E. Herman, Stephen Schlessinger, Asst. U.S. Attys., Miami, Fla., for the U.S.

Before COX, Circuit Judge, DYER, and FRIEDMAN *, Senior Circuit Judges.

PER CURIAM:

Appellants were convicted on various narcotics charges. At sentencing, the district court denied their request for a two level reduction in their offense levels for acceptance of responsibility. This appeal followed.

## I. FACTS AND PROCEDURAL HISTORY

On February 17, 1989, a federal grand jury returned an indictment against Erasmo Gonzalez, Jose Barroso, Clemente Rodriguez, and Evilio Machado.[1] The Indictment charged each Appellant with three violations of the narcotics laws of the United States. Specifically, Count I of the Indictment alleged that the Appellants conspired to import approximately 619 kilograms of cocaine into the United States in violation of 21 U.S.C. § 963, Count II of the Indictment alleged that the Appellants imported cocaine into the United States in violation of 21 U.S.C. § 952, and Count III alleged that the Appellants distributed cocaine outside the United States with the intent that it be imported into the United States in violation of 21 U.S.C. § 959.

At trial, Appellants asserted the affirmative defense of entrapment. They alleged that they had been entrapped by Rafael Pazo, a confidential informant for the Drug Enforcement Administration. After a jury trial, the Appellants were convicted on all three counts.

Following their convictions and a sentencing hearing each Appellant was sentenced to a period of incarceration. The district court sentenced Gonzalez, Barroso, and Rodriguez on each count to 195 months, 188 months, and 158 months, respectively, with the sentences to run con-

---

* Honorable Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Evilio Machado pleaded guilty to Count II of the Indictment prior to trial. He is not a party to this appeal.

currently. Additionally, each Appellant was sentenced to five years supervised release. At sentencing, each Appellant requested a two level reduction in their offense level for acceptance of responsibility. The district court denied their requests. All Appellants challenge their convictions. Appellants Gonzalez and Barroso challenge their sentences.

Appellants Gonzalez, Barroso, and Rodriguez argue that the district court erred in excluding the testimony of a witness concerning the Government's use of a confidential informant. Appellants Gonzalez and Barroso further argue that the Government's closing argument was prejudicial and inflammatory. Appellant Rodriguez argues, additionally, that the district court erred in admitting certain evidence. Having reviewed the record, we conclude that these arguments are without merit and do not warrant further discussion. Appellants' convictions, therefore, are due to be affirmed under 11th Cir.Rule 36–1. One of the sentencing issues raised on appeal merits discussion.

## II. ISSUE

Whether the district court erred in denying the requests of Gonzalez and Barroso for a two level reduction in their offense levels for acceptance of responsibility.[2]

## III. STANDARD OF REVIEW

■ The district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility is a finding of fact which is entitled to great deference on appeal and will be affirmed unless clearly erroneous. *United States v. Pritchett*, 908 F.2d 816 (11th Cir.1990). However, we review the district court's application of the sentencing guidelines *de novo*. *United States v. Chotas*, 913 F.2d 897 (11th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1421, 113 L.Ed.2d 473 (1991).

## IV. PARTIES' CONTENTIONS

Gonzalez and Barroso contend that they accepted responsibility for their actions by expressing their remorse to the probation officers who completed their pre-sentence reports. They argue that the district court should have accepted the probation officers' recommendations to grant the two level reduction. Instead, the court wrongfully conditioned the reduction on the Appellants admitting guilt in open court at the sentencing hearing. Further, Appellants contend that the district court based its decision on whether they planned to appeal their convictions. It is the Appellants' position that the court's requirements for a two level reduction violated their Fifth Amendment right against self-incrimination and their right to appeal.

The Government argues that there was ample evidence in the record to support the district court's sentencing decision. Before trial, the Appellants repeatedly refused to cooperate with law enforcement authorities. The Government argues that the Appellants went to trial and perjured themselves despite overwhelming evidence of guilt. The Government further points out that following trial, the Appellants remained unwilling to assist the authorities.

## V. DISCUSSION

The Sentencing Guidelines provide that a defendant who shows remorse or contrition for his crimes is entitled to a reduction of his sentence if the sentencing court finds that he has accepted responsibility for the crime. Section 3E1.1 governs acceptance of responsibility and provides as follows:

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

---

**2.** Appellant Rodriguez does not challenge his sentence.

United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov. 1991). The application notes to section 3E1.1 provide in relevant part:

1. In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:

    (a) voluntary termination or withdrawal from criminal conduct or associations;

    (b) voluntary payment of restitution prior to adjudication of guilt;

    (c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

    (d) voluntary surrender to authorities promptly after commission of the offense;

    (e) voluntary assistance to authorities in the recovery of fruits and instrumentalities of the offense;

    (f) voluntary resignation from the office or position held during the commission of the offense; and

    (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1, comment. (n. 1).

This court has previously rejected facial challenges to section 3E1.1 under the Fifth and Sixth Amendments. *United States v. Henry*, 883 F.2d 1010 (11th Cir.1989); *United States v. Crawford*, 906 F.2d 1531 (11th Cir.1990). In *Henry*, we stated that:

Section 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights. But "not every burden on the exercise of a constitutional right and not every encouragement to waive such a right is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 219, 99 S.Ct. 492, 493–497, 58 L.Ed.2d 466 (1978). Persons involved in the criminal law process are faced with a variety of choices. Some of the alternatives may lead to unpleasant consequences. For example, to choose to go to trial may result in greater punishment. To take the stand as a witness in one's case opens the door to possible perjury charges as well as possibly strengthening the prosecution's

case. Section 3E1.1 may add to the dilemmas facing criminal defendants, but no good reason exists to believe that 3E1.1 was intended to punish anyone for exercising rights. We are unprepared to equate the possibility of leniency with impermissible punishment.

*Henry*, 883 F.2d at 1011 (footnotes omitted).

In this case, Appellants argue that the district court improperly conditioned the two level reduction on their accepting responsibility for their wrongs in open court and on their giving up their right to appeal. This conditional grant, they argue, is a violation of their Fifth Amendment privilege against self-incrimination and a violation of their right to appeal.

During sentencing, the district court acknowledged that Gonzalez and Barroso had admitted involvement in drug trafficking. However, the court balanced the Appellants' statements of remorse against their refusal to admit their guilt in open court and their intent to appeal their sentences. During Gonzalez's sentencing hearing, the following statements were made:

THE COURT: Let me say at this point—and I don't want this comment to be misunderstood—at this point, the ultimate test of acceptance of responsibility could be whether or not the defendant, I guess, is going to take an appeal. He has an absolute right to take an appeal, if he thinks he has a record for it. If he does, he obviously is not accepting responsibility. That seems to me to go without saying.

\* \* \* \* \* \*

THE COURT: All right. Let me ask both of you gentlemen, are your clients willing to state here, under oath at this time, that they accept responsibility, that they are guilty, that they were guilty of the charges in the indictment?

\* \* \* \* \* \*

THE COURT: I may be going a bit further than I have a right to under these circumstances. I will accept a statement from counsel as to their client's positions at this point.

What is your client's position?

MR. RODRIGUEZ: Mr. Gonzalez, Your Honor—

THE COURT: Let's take Mr. Gonzalez.

MR. RODRIGUEZ: Your Honor, we maintain the position that he has admitted in the letter to Your Honor, in his testimony at trial, to the Probation Officer, that he was guilty of his involvement in this crime.

He has maintained that he did participate and he went to the Bahamas; that he said to the DEA—that they loaded the boat; that they came back here; that he knew that cocaine trafficking was an illegal activity and he knew what he was doing.

MR. SCHLESSINGER: That he was a supervisor or organizer?

MR. RODRIGUEZ: That, Your Honor—

THE COURT: I won't require that, but the one thing that is missing in that admission is that, in effect, he was guilty of the charge in the indictment. That charge encompasses the intent to commit the crime.

\* \* \* \* \* \*

During Barroso's hearing the court made the following statement:

THE COURT: Let me interrupt you, Mr. Haggard. I will ask you the same question that I asked counsel for one of the other defendants.

Does he accept the responsibility completely or is he going to take an appeal from the judgment in this case?

■ The court's comments during sentencing demonstrate that it balanced the evidence of acceptance of responsibility against the Appellants' exercise of their Fifth Amendment rights [3] and their intent to exercise their right to appeal; this was improper. "The sentencing court cannot consider against a defendant any constitutionally protected conduct...." *United States v. Watt,* 910 F.2d 587, 592 (9th Cir.

1990); *United States v. Gonzalez,* 897 F.2d 1018 (9th Cir.1990). The sentencing court is justified in considering the defendant's conduct prior to, during, and after the trial to determine if the defendant has shown any remorse through his actions or statements. If the defendant has exercised all of his rights during the entire process, including sentencing, then the chances of his receiving the two level reduction for acceptance of responsibility may well be diminished. For example, if the defendant has refused to make a statement to police, has exercised his right to a trial, has exercised his Fifth Amendment privilege and refused to testify, or testified and denied guilt, has refused to make any statement of remorse to the probation officer or the court, and has refused to do any of the things set out in the commentary to section 3E1.1, then it is likely there is no sign of remorse and the sentencing judge is justified in denying the reduction. However, if a defendant has shown some sign of remorse but has also exercised constitutional or statutory rights, the sentencing judge may *not* balance the exercise of those rights against the defendant's expression of remorse to determine whether the "acceptance" is adequate.

Stated another way, the sentencing court may consider all of the criteria set out in the commentary to section 3E1.1 as well as any other indications of acceptance of responsibility and weigh these in the defendant's favor. However, section 3E1.1 does not allow the judge to weigh against the defendant the defendant's exercise of constitutional or statutory rights. The exercise of these rights may diminish the defendant's chances of being granted the two level reduction, not because it is weighed against him but because it is likely that there is less evidence of acceptance to weigh in his favor. The sentencing court, however, may not weigh the exercise of these rights against the defendant.

■ In this case, the district court considered the Appellants' exercise of their

---

**3.** The Fifth Amendment privilege against self-incrimination applies at sentencing just as it does during any other stage of the prosecution.

*See Estelle v. Smith,* 451 U.S. 454, 462–63, 101 S.Ct. 1866, 1872–73, 68 L.Ed.2d 359 (1981).

Fifth Amendment rights and their intention to exercise their right to appeal and weighed this against them in denying their request for a reduction. Because we construe section 3E1.1 as prohibiting the consideration of a defendant's exercise of these rights, we hold that the district court incorrectly applied this section of the guidelines when sentencing Appellants Gonzalez and Barroso.

## VI. CONCLUSION

The convictions of all three Appellants are affirmed. The sentence of Appellant Rodriguez is also affirmed. The sentences of Appellants Gonzalez and Barroso are vacated and their cases remanded to the district court for resentencing so that the district court may give fresh consideration to whether the Appellants are entitled to a reduction for acceptance of responsibility without weighing against them their exercise of their Fifth Amendment privilege or their right to appeal.

AFFIRMED in part; VACATED and RE-MANDED in part.