UNITED STATES of America,
Plaintiff–Appellee,

v.

Frank KENDRICK, III, Defendant–Appellant.

No. 93–8117.

United States Court of Appeals,
Eleventh Circuit.

June 13, 1994.

Lynn G. Fant, Federal Defender Program, Atlanta, GA, for appellant.

Sandra Strippoli, Mary Jane Stewart, Atlanta, GA, for appellee.

Before EDMONDSON, Circuit Judge, GODBOLD and JOHNSON, Senior Circuit Judges.

JOHNSON, Senior Circuit Judge:

Frank Kendrick ("Appellant") appeals his sentence for bank robbery. We vacate and remand the case for resentencing.

## I. STATEMENT OF THE CASE

### A. *Background Facts*

On June 25, 1992, a Fidelity National Bank ("Fidelity") in Decatur, Georgia was robbed. A teller identified Appellant as the robber. A bank surveillance photo of the robber was shown to Appellant's father, who confirmed that the robber was Appellant. On July 15, 1992, Appellant robbed a Nationsbank in Atlanta, Georgia. As he left the Nationsbank, police officers apprehended him. In an interview with an FBI agent, Appellant denied robbing any other banks.

### B. *Procedural History*

On July 22, 1992, a federal grand jury indicted Appellant on two counts of bank robbery. Count I related to the Nationsbank robbery while Count II related to the Fidelity robbery. Appellant originally entered a plea of not guilty to both counts of the indictment. However, on October 19, 1992, he pled guilty to the Nationsbank robbery in return for the government's agreement to dismiss the Fidelity charge. The Presentence Report ("PSR") recommended that Appellant not be given a reduction for acceptance of responsibility because he denied committing the Fidelity robbery and had tested positive for cocaine. At the January 1993 sentencing hearings, Appellant objected to the PSR, noting that he had expressed remorse for the Nationsbank robbery, which was the count of conviction. Appellant claimed that the court could not base a denial of the acceptance of responsibility reduction on his refusal to admit to robbing Fidelity. Appellant also argued that his shame at having used drugs coupled with his remorseful behavior following the positive drug test outweighed the fact that he used crack cocaine. The sentencing court overruled Appellant's objections and declined to give him a downward adjustment for accepting responsibility. The district judge premised this decision on Appellant's "use of the cocaine and refusal to

admit that he was the party involved in the [Fidelity] robbery. Those are my two reasons." The court sentenced Appellant to fifty-one months' incarceration and ordered him to make restitution of $5.00 to Nationsbank and $1,100 to Fidelity.

### C. Standard of Review

■ The district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility is a finding of fact that is entitled to great deference on appeal and will not be disturbed unless clearly erroneous. *United States v. Chukwura*, 5 F.3d 1420, 1424 (11th Cir.1993); *United States v. Rodriguez*, 959 F.2d 193, 195 (11th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 649, 121 L.Ed.2d 563 (1992).[1] However, we review the district court's application of the sentencing guidelines *de novo*. *United States v. Fortenberry*, 971 F.2d 717, 722 (11th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1020, 122 L.Ed.2d 166 (1993); *Rodriguez*, 959 F.2d at 195.

## II. ISSUE PRESENTED

May this Court affirm Appellant's sentence so long as one of the district court's reasons for denying a reduction for acceptance of responsibility is valid?

## III. ANALYSIS

The parties do not dispute that the district court erred by considering Appellant's refusal to admit to robbing Fidelity.[2] Despite this error, the government claims that Appellant's sentence may be affirmed because the court also relied upon an alternative valid consideration, the cocaine test. Appellant differs, asserting that because the court

erred, his sentence must be vacated and remanded for resentencing.

■ While we agree with Appellant insofar as the necessity for a remand, we do not believe remand is mandated whenever a sentencing court considers both valid and invalid factors. In *Williams v. United States*, — U.S. —, —, 112 S.Ct. 1112, 1118, 117 L.Ed.2d 341 (1992), the Supreme Court considered whether an appellate court may affirm a sentence in which a district court's departure from the Guidelines' range was based on both valid and invalid factors. The Supreme Court held that once the appellant demonstrates that the sentencing court relied upon an invalid factor, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Id.* at —, 112 S.Ct. at 1121. *See United States v. Jones*, 1 F.3d 1167, 1171 (11th Cir.1993) ("A sentencing error is harmless if the record as a whole shows that the error did not affect the district court's selection of the sentence imposed."), *cert. denied*, — U.S. —, 114 S.Ct. 942, 127 L.Ed.2d 231 (1994).[3] Because the record was unclear as to whether the district court would have imposed the same sentence without relying upon the invalid factor, the Supreme Court vacated Williams' sentence and remanded for a determination of whether the district court would have imposed the same sentence had it not erroneously relied upon the invalid factor. *Williams*, — U.S. at —, 112 S.Ct. at 1122.

■ Although *Williams* involved errors in a court's departure determination, we see no

---

**1.** The government asserts that plain error analysis should be used because Appellant never objected on the basis that the Fidelity robbery was irrelevant conduct under the United States Sentencing Commission, *Guidelines Manual* § 1B1.3. (Nov.1992) ("U.S.S.G."). We disagree. Appellant adequately made known his objection on this basis by repeatedly objecting to the court's consideration of the Fidelity robbery on the grounds that it was irrelevant to whether Appellant accepted responsibility for the Nationsbank robbery.

**2.** At the time of sentencing, § 3E1.1 allowed a sentencing court to consider only whether a defendant had truthfully admitted the count of conviction and had truthfully admitted or not falsely denied any *relevant conduct* under U.S.S.G. § 1B1.3. U.S.S.G. § 3E1.1 (Nov.1992). "Relevant conduct" under § 1B1.3 does not include multiple bank robberies. U.S.S.G. §§ 1B1.3 & 3D1.2(d) comment. (n. 6) (Nov.1992). Thus, consideration of the Fidelity robbery was error.

**3.** The burden of demonstrating harmlessness belongs to the party defending the sentence. *Williams*, — U.S. at —, 112 S.Ct. at 1120–21.

tension in utilizing the *Williams'* rubric to analyze errors in the reduction context as both decisions—departure, and denial of a reduction for acceptance of responsibility—are discretionary with the court. *Compare United States v. Mogel,* 956 F.2d 1555, 1561–66 (11th Cir.) (discussing nature of court's discretion *vis-a-vis* departures), *cert. denied,* —— U.S. ——, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992) *with United States v. Thompson,* 976 F.2d 666, 673 (11th Cir.1992) ("sentencing court has discretion to deny downward adjustment for acceptance of responsibility"), *cert. denied,* —— U.S. ——, 113 S.Ct. 3010, 125 L.Ed.2d 701 (1993). Thus, where, as here, a sentencing court premises the denial of an acceptance of responsibility reduction on both proper and improper factors, we may affirm so long as the record reflects that the improper factors did not affect or influence the district court's conclusion. If we cannot say so with certainty, remand is necessary. *See Rodriguez,* 959 F.2d at 197–98 (vacating and remanding for resentencing in spite of government's claim that notwithstanding court's error in weighing against the defendants their exercise of constitutional and statutory rights, ample evidence existed to support the court's denial of defendants' request for an acceptance of responsibility reduction); *cf. United States v. Newsome,* 998 F.2d 1571, 1578–79 (11th Cir. 1993) (vacating and remanding for resentencing because government failed to persuade the Court that the district court would have imposed the same sentence had it not erroneously calculated the weight of drugs for sentencing purposes), *cert. denied,* —— U.S. ——, 114 S.Ct. 734, 126 L.Ed.2d 698 (1994).

In this case, the government has failed to demonstrate that Appellant would have received the same sentence absent the court's erroneous consideration of Appellant's refusal to admit to the Fidelity robbery. Contrary to the government's assertions, Appellant's positive test for drug use does not mandate the denial of an acceptance of responsibility reduction. The decision to deny a reduction for acceptance of responsibility is discretionary; a positive drug test is but one of several factors that the court may consider in utilizing its discretion. *Thompson,* 976 F.2d at 673; *United States v. Scroggins,* 880 F.2d 1204, 1216 (11th Cir.1989).[4] When asked why it was denying Appellant's request for the reduction, the court stated, "[T]he use of the cocaine, and refusal to admit that he was the party involved in the [Fidelity] robbery. Those are my two reasons." This statement fails to convince us that the court would have imposed the same sentence absent its improper consideration of Appellant's refusal to confess to the Fidelity robbery. Further undermining the government's claim is Appellant's presentation of mitigating evidence relating to his drug use. The record does not reflect the weight, if any, accorded to this evidence by the district court. Because the record does not clearly demonstrate that Appellant would have received the same sentence had the court considered only his positive drug test, remand is required. *See Williams,* —— U.S. at ——–——, 112 S.Ct. at 1121–22; *United States v. Alba,* 933 F.2d 1117, 1118 (2d Cir.1991) (two of four reasons given by district court for departure were invalid, thus, remand was necessary "because we cannot be certain the district court would have exercised its discretion and granted a downward departure to the same degree had it based its decision to depart solely on the valid factors"); *cf. Unit-*

---

**4.** The government maintains that Appellant's sentence may be affirmed because the reduction was properly denied based on the positive drug test. This claim is erroneous. First, we do not read the court's statement to deny Appellant a reduction for acceptance of responsibility as a statement in the alternative, *i.e.,* that it would have denied the reduction based on either factor—the drug test or refusal to admit to the Fidelity robbery. Second, the government mistakenly relies on *United States v. Ashers,* 968 F.2d 411 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 673, 121 L.Ed.2d 596 (1992). In *Ashers,* the court considered whether it could affirm an obstruction of justice enhancement where one of two factors relied on by the district court was impermissible. Because enhancements are mandatory whenever the defendant has obstructed or attempted to obstruct justice, the court concluded that the sentence must be affirmed if either of the district court's grounds was valid. 968 F.2d at 414. Unlike the mandatory nature of the enhancement decision in *Ashers,* the court's decision to refrain from granting an acceptance of responsibility reduction is discretionary. *Thompson,* 976 F.2d at 673. Thus, *Ashers* is inapposite.

**1070**

*ed States v. Onwuemene,* 933 F.2d 650, 651–52 (8th Cir.1991) (remanding where one of three reasons given for sentencing defendant to maximum allowable incarceration was invalid); *United States v. Hatchett,* 923 F.2d 369, 375 (5th Cir.1991) (vacating and remanding for resentencing because "district judge's statements at sentencing included both permissible and impermissible considerations").

## IV.  CONCLUSION

Appellant's sentence is VACATED and the case REMANDED for proceedings consistent with this opinion.