[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No.06-14838
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-20137-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONELIO DIAZ,

Defendant-Appellant.

-----------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------

**(November 8, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Onelio Diaz appeals his consecutive sentences of 108

months' imprisonment and 84 months' imprisonment for conspiracy to affect

commerce by robbery, 18 U.S.C. § 1951(a), and possession of a firearm in

furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A).[1]  No reversible error has been shown; we affirm.

Diaz first argues that the district court erred in denying his request to reduce his sentence for acceptance of responsibility, U.S.S.G. § 3E1.1.  We review a district court's factual determinations about a reduction for acceptance of responsibility for clear error.  United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005); see also United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (noting that, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," "the determination of the sentencing judge is entitled to great deference on review") (internal quotation omitted); United States v. Kendrick, 22 F.3d 1066, 1069 (11th Cir. 1994) ("The decision to deny a reduction for acceptance of responsibility is discretionary . . . .").  The Sentencing Guidelines allow an offense level reduction where a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).

---

[1] Diaz worked as part of a security team who transported large cash shipments from international flights arriving at the Miami airport to the Federal Reserve Bank in Miami.  Diaz told his friend, Karls Monzon, about these cash shipments and that security around these shipments was lax. Monzon and others then robbed one of these shipments when Diaz was working as part of the security team; and the group stole over seven million dollars.  Diaz received a share of the proceeds of the robbery.

We see no clear error in the district court's denial of a reduction for acceptance of responsibility in this case. Although Diaz entered a guilty plea, Special Agent Alejandro Peraza testified that Diaz needed prodding to tell the truth about his involvement in the robbery and initially denied knowing that Monzon had committed the robbery. Agent Peraza also testified that he believed that Diaz did not tell authorities everything that he knew about money seized during the robbery.

We also conclude that the district court committed no clear error in denying Diaz a minor-role reduction. Diaz asserts that, although he alerted Monzon about the money shipments at the Miami airport and the lax security surrounding these shipments, Diaz should receive a minor-role reduction because he did not actually commit the robbery.

That Diaz has preserved his objection about receiving a minor-role reduction is not clear; but even assuming that this objection was preserved, we see no clear error in denying Diaz a minor-role reduction. See United States v. De Varon, 175 F.3d 930, 937, 940 (11th Cir. 1999) (en banc) (explaining that we review the denial of a minor role reduction for clear error and that a sentencing court should consider "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing"). Diaz provided the information

necessary for the robbery to occur; and he received a share of the proceeds of the robbery. We affirm the district court's decision not to grant Diaz a minor-role reduction.[2]

Diaz next argues that the district court erred in sentencing him to a seven-year consecutive sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) because a firearm was brandished in this case. He asserts that the district court instead should have sentenced him to no imprisonment or to no more than five years' imprisonment because, according to Diaz, he was unaware that a firearm would be used during the robbery. Diaz explains that one of his co-conspirators decided to bring a gun to the robbery without informing the other conspirators.

"Where a defendant brandishes a firearm during the course of a crime of violence, [section] 924(c) explicitly requires the imposition of a seven-year sentence 'in addition to' whatever punishment is due for the crime of violence itself."[3] United States v. Dowd, 451 F.3d 1244, 1251 (11th Cir. 2006). At his

---

[2]Diaz also appears to challenge the district court's denial of safety-valve relief, 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; but he concedes that safety-valve relief does not apply to him because his case did not involve a drug-related crime. And Diaz's lawyer informed the district court at sentencing that safety-valve relief "was not applicable at all." Diaz is correct that he is ineligible for safety-valve relief because, among other reasons, he was not convicted of a drug offense. See United States v. Figueroa, 199 F.3d 1281, 1282 (11th Cir. 2000) ("The safety valve provision . . . requires a district court to sentence a defendant in certain drug-possession cases without regard to any statutory minimum sentence . . . .").

[3]The Supreme Court has explained that increasing a defendant's minimum sentence based on a judicial finding of brandishing is constitutional. Harris v. United States, 122 S.Ct. 2406, 2420

change-of-plea hearing, Diaz did not object to the government's factual proffer, which included the statement that Monzon and another person brandished at least one firearm during the robbery. As the district court explained, it was reasonably foreseeable that a gun would be brandished during the robbery in this case of several million dollars; and we conclude that it was not reversible error for the district court to sentence Diaz to a seven-year sentence pursuant to section 924(c)(1)(A)(ii).[4]

Therefore, we affirm Diaz's sentence.[5]

AFFIRMED.

---

(2002). And we review for clear error the district court's factual findings about sentencing. United States v. Smith, 480 F.3d 1277, 1278 (11th Cir. 2007).

[4]To the extent that Diaz is attempting to challenge his conviction under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm in furtherance of a crime of violence, we reject this argument as without merit. Diaz has raised no argument on appeal that his guilty plea to this charge was not knowing and voluntary; so this claim is abandoned. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) ("[B]ecause [defendant] has offered no argument on this issue on appeal, we find that he has abandoned it.").

[5]We note that, although Diaz asserts that his sentence was unreasonable, he offers no argument other than the claims we have addressed on why his sentence was unreasonable. Therefore, Diaz has abandoned this issue. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).