[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12355
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 95-00121-CR-WS

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

STEVEN WARREN,
a.k.a. Caine,
a.k.a. Steve Warren,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 18, 2008)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Steven Warren, a federal prisoner proceeding pro se, appeals the district court's finding that it lacked authority under 18 U.S.C. § 3582(c)(2) to reduce his sentence below the low-end of his amended guideline range on the ground that U.S.S.G. § 1B1.10(b)(1) restricts such a reduction.

Warren had filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines that retroactively lowered the base offense levels applicable to crack cocaine. Without objection from the state, the district court proposed granting the motion and lowering Warren's offense level by two levels. Warren filed objections to the district court's proposed sentence, requesting additional consideration and a further reduction of his sentence pursuant to 18 U.S.C. § 3553(a). The district court rejected Warren's objections, setting his term of imprisonment at the low-end of the recalculated range.

Warren argues that the district court erred in finding that § 1B1.10(b)(1) of the Guidelines prohibited it from further reducing his sentence to a term less than the minimum amended guideline range. He asserts that the district court's reading of § 1B1.10(b)(2)(A) violated his Sixth Amendment rights because the court failed to consider the advisory nature of the Guidelines under United States v. Booker, 543 U.S. 220 (2005), and thus, failed to recognize its authority to impose a

2

downward variance due to the unwarranted disparity created among defendants convicted of crack-cocaine offenses and powder-cocaine offenses, under 18 U.S.C. § 3553(a)(6).

Upon review of the record and the parties' briefs, we discern no reversible error. When an appellant demonstrates that the sentencing court relied upon an invalid factor in determining his sentence, remand is appropriate unless we conclude, on the record as a whole, that "the error did not affect the district court's selection of the sentence imposed." United States v. Kendrick, 22 F.3d 1066, 1068 (11th Cir. 1994). Given the facts of this case, even assuming arguendo that the district court erred in its determination as to the extent of its authority to grant a downward variance, there was no reversible error because the error did not affect Warren's sentence.

Despite concluding that § 1B1.10(b)(2)(A) prohibited it from reducing Warren's sentence below the amended guideline range, the district court addressed each of Warren's arguments for a further reduction in his sentence below the amended guideline range, including the applicable § 3553(a) factors, public safety, Warren's prison history and family relationships, as well as his first-offender status and acceptance of responsibility, and found that no further reduction was

warranted.[1]  Therefore, even if the district court erred in finding that, regardless of

Booker, it was prohibited from reducing Warren's sentence below the amended

guideline range, that error was harmless.  Any such error  cannot be said to have

affected the district court's selection of the sentence where it considered each of

Warren's presented arguments for a further reduction and found that no such

reduction would be warranted.

**AFFIRMED.**

---

[1]  For the first time on appeal, Warren also argues that the district court erred in failing to consider, under § 3553(a)(6), the disproportionate manner in which the Guidelines apply to crack-cocaine offenses and power-cocaine offenses, resulting in unwarranted sentencing disparities.  Because Warren did not raise this issue before the district court, the district court cannot be said to have abused its discretion in allegedly failing to consider a factor that was not brought to its attention.  See Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 599 (2007) (stating that it is "not incumbent on the District Judge to raise every conceivable relevant issue on his own initiative").