[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14832
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00386-TWT-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD CLIFTON CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 26, 2012)


Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

Edward Charles appeals his 60-month sentence, imposed after he pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). On appeal, he argues that the district court erroneously denied him: (1) safety-valve relief under U.S.S.G. § 5C1.2 and (2) a one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). For the reasons set forth below, we affirm Charles's sentence.

I.

Charles was arrested after Immigration and Customs Enforcement officers found 1,385 grams of a mixture containing cocaine in Charles's duffel bag at the Atlanta airport. After being arrested, Charles stated that an individual named Brian approached him and offered him money and a free trip to Miami. Charles agreed to fly from St. Croix, Virgin Islands to Miami, via Atlanta, to deliver something to an unnamed individual. Charles stated that he did not know how he would be paid for the trip, nor did he know how the cocaine ended up in his bag. He believed that an airport worker put the cocaine in his bag.

After being indicted for possessing with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), Charles ultimately pleaded guilty. In preparing the presentence investigation report ("PSI"), the probation officer

2

calculated a base offense level of 26, pursuant to U.S.S.G. § 2D1.1(c)(7). Charles did not receive a two-level reduction under the safety-valve provision of § 5C1.2 because: (1) he had not been debriefed, and (2) the government did not believe that it had learned all information regarding the offense. Charles received a two-level reduction under § 3E1.1(a) for acceptance of responsibility, but the government did not wish to make a motion for an additional one-level reduction for acceptance of responsibility. Based on a total offense level of 24 and a criminal history category of I, Charles's guideline range was 51 to 63 months' imprisonment. Charles's offense carried a five-year mandatory minimum sentence, from which Charles would have been exempt if he met the § 5C1.2 criteria. Neither Charles nor the government objected to the PSI.

At sentencing, Charles, through counsel, confirmed that there were no objections to the PSI, and the court adopted the facts in the PSI. The court further adopted the PSI's guideline calculations and guideline range of 51 to 63 months' imprisonment and stated that Charles was subject to a five-year statutory mandatory minimum sentence. The court noted that, as stated in the PSI, Charles was not eligible for relief under § 5C1.2, also known as "safety-valve" relief. Charles stated that he had no objections to the guideline calculations. The court sentenced Charles to 60 months' imprisonment and 3 years' supervised release.

The court asked if there were objections to the court's findings, guideline calculations, the sentence, or the manner in which the sentence was pronounced. Charles responded that he had no objections.

## II.

In reviewing a district court's decision regarding the applicability of U.S.S.G. § 5C1.2, we review factual findings for clear error and issues of law *de novo*. *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006). Sentencing issues not raised before the district court, however, are reviewed for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). Plain error exists where: (1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 831-32. A defendant is deemed to have admitted facts contained in his PSI to which he has not objected. *Id.* at 832-34. The district court may base its factual findings at sentencing on admitted statements in the PSI. *Id.* at 832.

Under § 5C1.2, a defendant convicted of 21 U.S.C. § 841 is sentenced in accordance with his applicable guideline range, without regard to the statutory minimum sentence, if five conditions are met. U.S.S.G. § 5C1.2(a). The fifth condition requires the defendant to have "truthfully provided to the [g]overnment

4

all information and evidence the defendant has concerning the offense" by the sentencing hearing. *Id.* § 5C1.2(a)(5). The defendant bears the burden of proving that he is eligible for safety-valve relief. *Milkintas*, 470 F.3d at 1345. The defendant bears the burden of providing true and full information about his offense, and the government is not required to solicit information from a defendant. *Id.* at 1345-46.

The district court did not err, plainly or otherwise, in denying Charles safety-valve relief under § 5C1.2. By failing to object to the PSI, Charles admitted all facts contained within the report, including that he had not been debriefed and that the government did not believe it had obtained all information regarding his offense. *See Bennett*, 472 F.3d at 832-34. Under these facts, adopted by the court, Charles was not debriefed and thus did not meet his burden to show that he provided true and full information regarding his offense. *See Milkintas*, 470 F.3d at 1345. Therefore, Charles did not show that he was eligible for safety-valve relief, and the court did not err in denying such relief. *See id.*; U.S.S.G. § 5C1.2(a)(5). Finally, although Charles takes issue on appeal with the sufficiency of the court's factual findings, the court was not required to investigate the accuracy of the facts that Charles admitted. *See Bennett*, 472 F.3d at 832.

III.

5

When we determine that a district court has committed a sentencing error, "a remand is appropriate unless [we] conclude[], on the record as a whole, that the error was harmless." *United States v. Kendrick*, 22 F.3d 1066, 1068 (11th Cir. 1994) (quotation omitted).  An error is harmless if it "did not affect the district court's selection of the sentence imposed." *Id.* (quotation omitted).  A defendant is subject to a five-year statutory mandatory minimum sentence for violating 21 U.S.C. § 841(b)(1)(B)(ii).  21 U.S.C. § 841(b)(1)(B)(ii).  "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion . . . or the defendant" is eligible for safety-valve relief.  *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008).

We do not consider whether the district court erroneously denied Charles an additional one-level reduction under U.S.S.G. § 3E1.1(b) because, even if the court erred, any error was harmless.  *See Kendrick*, 22 F.3d at 1068.  The district court sentenced Charles to 60 months' (5 years') imprisonment, which was also the statutory mandatory minimum sentence.  *See* 21 U.S.C. § 841(b)(1)(B)(ii).  Charles was not eligible to be sentenced below this mandatory minimum sentence because, as discussed above, he was not eligible for safety-valve relief.  *See Castaing-Sosa*, 530 F.3d at 1360.  Therefore, even if the court's guideline calculation was

incorrect, the court could not have imposed a lower sentence and any error was harmless. *See Kendrick*, 22 F.3d at 1068.

For the foregoing reasons, we affirm Charles's sentence.

**AFFIRMED.**