[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14453
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00040-LC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINIC VINCENT GRASSO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 5, 2016)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Dominic Grasso appeals his 60-month concurrent sentences, imposed above the guideline range, for making and uttering counterfeit currency.  He argues the district court erred when it considered rehabilitation in imposing these sentences.  He further argues that the district court abused its discretion in imposing above-guidelines sentences based on Grasso's extensive criminal history.  Upon review of the record and the parties' arguments, we affirm.

I.

We review *de novo* whether a factor considered by the district court in sentencing is impermissible.  *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  However, arguments not raised before the district court are reviewed for plain error.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  An error affects substantial rights only when it affects the outcome of the proceedings.  *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993).

Under the invited error doctrine, we may not review on appeal any error that the complaining party induced or invited the district court to make.  *United States v. Harris*, 443 F.3d 822, 823-24 (11th Cir. 2006).  Even if a party does not induce

2

the district court into making an error, invited error exists when a party affirmatively accepts the district court's proposal. *See United States v. Fulford*, 267 F.3d 1241, 1247 (11th Cir. 2001) (holding that a defendant invited the error when he indicated that jury instructions were acceptable to him).

A sentencing court may not impose or lengthen a prison term in order to promote an offender's rehabilitation. *Tapia v. United States*, 564 U.S. ___, 131 S. Ct. 2382, 2391, 180 L. Ed. 2d 357 (2011). Moreover, we have held that "*Tapia* error occurs where the district court *considers* rehabilitation when crafting a sentence of imprisonment," not merely when it tailors the length of the sentence to permit completion of a rehabilitation program, or makes rehabilitation the dominant factor in reaching its sentencing determination. *United States v. Vandergrift*, 754 F.3d 1303, 1310 (11th Cir. 2014) (emphasis in original). A court may not consider rehabilitation "when determining whether to impose or lengthen a sentence of imprisonment." *Id.* "Because it is impermissible to consider rehabilitation, a court errs by relying on or considering rehabilitation in any way when sentencing a defendant to prison." *Id.* at 1311. We may affirm a sentence based on both proper and improper factors so long as the record reflects that the improper factors did not affect or influence the district court's sentence. *United States v. Kendrick*, 22 F.3d 1066, 1069 (11th Cir. 1994).

3

Grasso's and his counsel's remarks are most reasonably construed as asking the district court to impose a lower sentence due to his drug addiction or recommend that he be able to participate in the Federal Residential Drug Abuse Program. The district court erred by stating that one of the factors it considered in imposing the sentence was "to provide [Grasso] with the needed substance abuse treatment during this period of incarceration." Assuming that error was plain for the sake of analysis, Grasso has not shown that the district court's error affected his substantive rights. The district court imposed an above-guidelines sentence "based upon the extensive criminal history." Because rehabilitation was a minor consideration in the district court's decision, Grasso has not met the third prong of the plain error test.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes"

4

listed in 18 U.S.C. § 3553(a)(2). *Id.* We will vacate the sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted).

Where a district court correctly calculates the advisory guideline range, considers the adequacy of the guidelines in light of the evidence and the § 3553(a) factors, and imposes a sentence outside the guideline range because the range does not adequately address a factor under § 3553(a), it has imposed a variance, not a guidelines departure. *United States v. Irizarry*, 458 F.3d 1208, 1211 (11th Cir. 2006). A sentencing court does not err when it fails to follow proper procedures for imposing a departure when it imposes a variance under § 3553(a). *Id.*

Here, the district court did not abuse its discretion by imposing an upward variance from the guideline range in order to compensate for the fact that the guidelines did not adequately reflect the severity of Grasso's criminal history. Because it imposed a variance, and not a departure, it was not required to follow the procedure for an upward departure detailed in U.S.S.G. § 4A1.3. The district court noted that Grasso had nearly three times the criminal history points required for the highest criminal history category, and that several prior convictions were

5

for similar offenses.  The district court imposed sentences well below the statutory maximum of 30 years' imprisonment in total, which is further evidence of the sentences' reasonableness.  It considered the 3553(a) factors, including the need to protect the public and to deter future crimes, and imposed substantively reasonable sentences.

**AFFIRMED.**