[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13582
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-10014-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL MICHAEL SZABO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daniel Szabo appeals his sentence of 27 months of imprisonment for failing

to obey an order from the Coast Guard to heave to his vessel. 18 U.S.C.

§ 2237(a)(1). Szabo argues that his sentence is procedurally unreasonable because the district court denied his request for a two-level reduction of his offense level for acceptance of responsibility. *See* United States Sentencing Guidelines Manual § 3E1.1(a) (Nov. 2015). We affirm.

The district court did not clearly err by finding that Szabo had not accepted responsibility for his offense. Szabo offered to plead guilty to failing to heave to his vessel, but in so doing he refused to recognize that his conduct was unlawful, to express any "remorse or contrition" for his wrongdoing, *see United States v. Rodriguez*, 959 F.2d 193, 195 (11th Cir. 1992), or to disclose all of the misdeeds for which he was accountable, *see* U.S.S.G. § 3E1.1 cmt. n.1(A). Szabo repeatedly disregarded marine officers' orders to heave to and endangered them and other boaters. Szabo, who was inebriated, led the officers on a high-speed chase through populated waterways; fired his gun multiple times at the officers; sped toward their vessel while daring them to veer away; rammed their vessel with his dinghy; insulted the officers by calling them "water pigs"; and boasted that he could not be caught unless shot in the forehead. Eventually, Szabo collided with the Coast Guard vessel. The officers arrested Szabo after subduing him with pepper spray. Szabo testified and disavowed virtually any memory of the incident. The district court, which enjoyed "a unique position to evaluate" Szabo, discredited his testimony. *See* U.S.S.G. § 3E1.1 cmt. n.5. "[W]e are [not] left with the definite and

firm conviction that a mistake has been committed" by denying Szabo a reduction for acceptance of responsibility. *See Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1320 (11th Cir. 2011) (internal quotation marks and citation omitted). Szabo's sentence is procedurally reasonable.

We **AFFIRM** Szabo's sentence.