[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16757
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20038-JAL-28

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO HORTA-ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 19, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Guillermo Horta-Alvarez appeals his 67-month sentence of imprisonment

after pleading guilty to one count of conspiracy to possess with intent to distribute

cocaine base.    Horta-Alvarez contends that the district court's sentence was procedurally unreasonable because the court relied on a fact not in the record—that he processed cocaine into crack cocaine for distribution.  And he asserts that the error was not harmless because that clearly erroneous fact was one of two reasons given for denying him the full extent of his requested variance.  We agree with Horta-Alvarez on both points, and we therefore vacate and remand for resentencing.

**I.**

Horta-Alvarez pled guilty to one count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii).  According to Horta-Alvarez's presentence investigation report ("PSR") and factual proffer, he arranged crack cocaine transactions with codefendants on multiple occasions, including one transaction in which he agreed to purchase an ounce of crack cocaine.  Horta-Alvarez said that the reason he sold crack cocaine was to pay for his own addiction to crack.  He described himself as "super addicted" to crack.

Horta-Alvarez's PSR calculated a guideline range of 77 to 96 months of imprisonment based on a total offense level of 21 and a criminal history category of VI.  Since there were no objections to the PSR's guideline calculations, the district court adopted that range for sentencing.

2

At his sentencing, Horta-Alvarez asked the court to vary below the guideline range and sentence him to 60 months of imprisonment, the statutory minimum for his offense. He argued that a variance was warranted due to his age (71 at the time of sentencing), his background, and his addiction to crack cocaine. He said that his extensive criminal history was primarily the result of his addiction. The government requested a sentence at the low end of the guideline range.

After hearing from both parties, the district court sentenced Horta-Alvarez. The court discussed the § 3553(a) sentencing factors, including the offense conduct, his age, his addiction to crack cocaine, and his "extensive criminal history" beginning at age 40 and continuing to the instant offense at age 70. The offense conduct, the court stated, involved Horta-Alvarez's purchases of crack cocaine in order to resell it in or near a trailer park. Further, the court stated that "some of this supply of crack cocaine was in the form of cocaine that was then processed to become crack cocaine and distributed by the Defendant." Sentencing Hr'g Tr. at 11.

Addressing and rejecting Horta-Alvarez's request for a 60-month sentence, the court explained,

> And in considering the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct—and quite frankly, to protect the public from further crimes of the Defendant, *I do not find that a sentence of 60 months is sufficient, given* the Defendant's extensive criminal history, *his*

*participation in the offense conduct in this case*, which included the distribution of at least 28 grams of cocaine base, *including receiving cocaine and processing it for distribution into cocaine base*.

*Id.* at 15 (emphasis added).  But the court granted a 10-month variance below the guideline range, to 67 months of imprisonment, based on Horta-Alvarez's age, his background, and his addiction to crack cocaine.  After the court pronounced sentence, Horta-Alvarez lodged an objection "to the finding that [he] processed crack cocaine."  *Id.* at 19.  The court noted the objection for the record but did not revisit the issue.  Horta-Alvarez now appeals.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Thompson*, 702 F.3d 604, 606–07 (11th Cir. 2012).  Under that standard, "[a] sentence can be procedurally unreasonable if the district court errs by, *inter alia*, 'failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'"  *United States v. Nagel*, 835 F.3d 1371, 1375 (11th Cir. 2016) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  "The party challenging the sentence has the burden of showing the sentence to be procedurally unreasonable."  *United States v. Hill*, 783 F.3d 842, 844 (11th Cir. 2015).

If a district court selects a sentence based on a fact for which no record evidence exists, that finding is clearly erroneous, and the sentence is procedurally unreasonable. *United States v. Barner*, 572 F.3d 1239, 1251 (11th Cir. 2009). Where the district court procedurally errs, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.,* that the error did not affect the district court's selection of the sentence imposed." *See Williams v. United States*, 503 U.S. 193, 203 (1992) (addressing the proper standard of review when a district court misapplies the Guidelines). Therefore, where the district court relies on both proper and improper factors in making a sentencing decision, "we may affirm so long as the record reflects that the improper factors did not affect or influence the district court's conclusion." *United States v. Kendrick*, 22 F.3d 1066, 1069 (11th Cir. 1994). But "[i]f we cannot say so with certainty, remand is necessary." *Id.*

Horta-Alvarez argues that the district court imposed a procedurally unreasonable sentence by relying on a fact with no support in the record—that he processed cocaine into crack cocaine. The government acknowledges, and we agree, that no record evidence supports a finding that he processed cocaine into crack cocaine. Accordingly, that finding, assuming it was made, is clearly erroneous. *See Barner*, 572 F.3d at 1251. Nevertheless, the government maintains that the district court did not actually find that Horta-Alvarez made crack cocaine

and that, even if it did, the record demonstrates that that finding did not affect the district court's choice of sentence. We disagree on both counts.

First, we conclude that the district court made, or at least gave the impression of making, a factual finding that Horta-Alvarez processed cocaine into crack cocaine. During sentencing the court made two references to the processing of cocaine into crack cocaine. While the first reference was somewhat ambiguous, *see* Sentencing Hr'g Tr. at 11, ("[S]ome of this supply of crack cocaine was in the form of cocaine that was then processed to become crack cocaine and distributed by the Defendant."), the second reference more directly links the offense conduct with the processing of cocaine into crack cocaine. Specifically, the court indicated that Horta-Alvarez's offense conduct included not only "the distribution of at least 28 grams of cocaine base," but also "receiving and processing it for distribution into cocaine base." *Id.*

If, as the government contends, the district court did not believe that Horta-Alvarez's offense involved processing cocaine into crack cocaine, it's unclear why the court would reference processing in the first place. After all, every offense involving crack cocaine involves a substance that has been processed at some point along the line. The act of processing cocaine into crack cocaine would seem to be notable only insofar as it bears on the defendant's relevant conduct. And any ambiguity on this point could easily have been resolved when Horta-Alvarez

objected at the conclusion of the sentencing hearing to the court's "finding that [he] processed crack cocaine." *Id.* at 19. If the court did not make that finding, it would have been simple enough to say so. But the court did not correct Horta-Alvarez, so we presume that his objection accurately reflected the court's finding. Accordingly, the record indicates that the district court relied on a clearly erroneous fact in sentencing Horta-Alvarez. *See Barner*, 572 F.3d at 1251.

Second, we cannot say that the district court's reliance on a clearly erroneous fact was harmless under the circumstances. *See Kendrick*, 22 F.3d at 1069. The government argues that a "full and fair" review of the sentencing proceeding shows that the court based its sentencing decision on the fact that Horta-Alvarez was an unreformed recidivist, not on any factual findings about processing cocaine into crack cocaine. But the record shows that the court offered two reasons for denying Horta-Alvarez the full measure of his requested leniency. The first was the fact that he was an unreformed recidivist. The second was his offense conduct, including the erroneous fact about "receiving and processing [cocaine] for distribution into cocaine base." Sentencing Hr'g Tr. at 11. While Horta-Alvarez's recidivism clearly played an important role in the court's decision, we cannot simply ignore the second reason given by the court for denying his requested variance.

Nor can we say with certainty that the clearly erroneous fact about processing was not significant enough to affect the court's decision. Receiving and processing cocaine into cocaine base for distribution suggests a more serious offense than simply purchasing and reselling already-processed crack cocaine primarily to fund an addiction. And despite an opportunity later in the hearing, the court did not clarify that the finding as to processing did not influence its decision not to grant the variance request in full. *Cf.* Fed. R. Crim. P. 32(i) (stating that the district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing").

For these reasons, we are unable to say with certainty that the district court's reliance on a clearly erroneous fact was harmless. And because "we cannot say so with certainty, remand is necessary." *See Kendrick*, 22 F.3d at 1069.

Accordingly, we **VACATE** the sentence and **REMAND** for resentencing.