[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15477
Non-Argument Calendar

_____

D.C. Docket No. 3:03-cr-00078-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELVIN ESTEEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kelvin Esteen appeals his 40-month sentence imposed upon the revocation of his supervised release. Mr. Esteen argues that the district court plainly erred by failing to impose a sentence to run concurrently with his state-court sentence based on the same criminal conduct and for failing to award him credit for time spent in state custody. He also argues that the district court imposed a procedurally and substantively unreasonable sentence. Upon review of the record and consideration of the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume their familiarity with the underlying issues and recite only what is necessary to resolve this appeal.

In 2003, Mr. Esteen pled guilty to conspiracy to distribute more than 50 grams of cocaine base, and was sentenced to 188 months' imprisonment (later reduced to 100 months' imprisonment) and five years' supervised release. Mr. Esteen began serving his term of supervised release on November 1, 2011.

On December 6, 2013, police executed a search warrant upon Mr. Esteen's residence and storage unit, where they found drugs, firearms, and other contraband. He pled guilty to three state charges and was sentenced by a Florida state court to serve 60 months' imprisonment.

On May 13, 2016, a probation officer petitioned the district court for a warrant for Mr. Esteen's arrest on the grounds that he violated his supervised

2

release by engaging in new criminal conduct. At his final revocation hearing, Mr. Esteen admitted to violating his supervised release.

The probation memorandum stated that Mr. Esteen was charged with a Grade A violation, and recommended that upon a finding of such a violation, the district court should revoke Mr. Esteen's supervised release pursuant to U.S.S.G. § 7B1.3(a)(1), and impose term of custody. Because Mr. Esteen's original offense of conviction was a Class A felony as defined by 18 U.S.C. § 3559(a)(1), and the district court applied a criminal history category of IV at the original sentencing hearing, the memorandum recommended a guideline range of 37 to 46 months' imprisonment under § 7B1.4(a). The memorandum also noted that where, as here, the original sentence was the result of a downward departure, such as one based on substantial assistance, an upward departure may be warranted.

The district court sentenced Mr. Esteen to 40 months' imprisonment, to be served consecutively to the 60-month sentence imposed by the state court.

## II

Mr. Esteen argues that because the offenses for which he received his state sentence and the violations that led to the revocation of his supervised release were identical, he should have received credit for the time he spent in state custody as "relevant conduct" pursuant to U.S.S.G. § 5G1.3(b). He also argues that the district

3

court failed to explain why it imposed a consecutive sentence when it had discretion to impose a concurrent sentence.

We review the reasonableness of a sentence imposed upon a revocation of supervised release for abuse of discretion. *See United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006). But because Mr. Esteen failed to raise his § 5B1.3(b) argument before the district court, we review only for plain error. To demonstrate plain error, an appellant must show that there was "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are satisfied, [we] may exercise [our] discretion to correct the error if (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (internal alterations and citation omitted).[1]

The advisory policy statement regarding sentences imposed upon revocation of supervised release recommends consecutive sentences, even where the defendant is already serving another sentence based on the same conduct. *See* U.S.S.G. § 7B1.3(f). It also recommends that no credit be given for time served, other than time in detention relating to the supervised-release violation. *See id.* § 7B1.3(e). The provision that Mr. Esteen relies upon, § 5G1.3(b)—which calls for

---

[1] Mr. Esteen made a passing reference to § 5G1.3 when he argued for a downward departure or variance, but he noted only that the district court had discretion to impose a concurrent sentence and did not argue that it was required to do so. Nor did he request credit for time spent in state custody.

concurrent sentences when a term of imprisonment resulted from another offense that is relevant conduct to the instant offense—does not apply to sentences imposed upon revocation of supervised release. *See United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994).

The district court specifically concluded that a consecutive sentence was necessary because this was a separate violation, noting that Mr. Esteen "not only committed these crimes, he did so while he was on federal supervision and under specific direction from the court not to do so." D.E. 234 at 45. We agree that a consecutive sentence does not punish Mr. Esteen twice for the same offense because his state sentence punishes him for illegally possessing drugs and firearms, whereas his federal sentence punishes him for violating the court's terms of release.

Because our case law does not dictate a different result, the district court did not plainly err in imposing a consecutive sentence and declining to give Mr. Esteen credit for the time he spent in state custody.

## III

Mr. Esteen next argues that his sentence was procedurally unreasonable because the district court did not properly explain its sentence. We review the procedural reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "[We] must . . . ensure that the district court

5

committed no significant procedural error, such as . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *Id.* "The party challenging the sentence has the burden of showing the sentence to be procedurally unreasonable." *United States v. Hill*, 783 F.3d 842, 844 (11th Cir. 2015). The district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).[2]

The district court adequately explained its chosen sentence. It considered the nature and circumstances of the violations, stating that Mr. Esteen's violation of his supervised release was among the most serious the court had seen. It also weighed that factor against Mr. Esteen's history and characteristics, concluding that the other sentencing factors outweighed Mr. Esteen's difficult upbringing. It considered the need for just punishment, noting that Mr. Esteen's punishment could have been even more severe if the government had pursued the drug and firearm crimes as independent charges. And it considered the need for deterrence, acknowledging that although he benefitted from his cooperation with the government, Mr. Esteen had not been deterred from returning to the same conduct.

---

[2] The government asks that we review Mr. Esteen's argument as to procedural reasonableness under the plain error standard of review, contending that Mr. Esteen failed to object to procedural reasonableness at sentencing. We need not address this argument, however, because we affirm under the more lenient abuse of discretion standard.

6

The district court also specifically addressed Mr. Esteen's request for a downward departure or variance based on his argument that his criminal history category overstated his criminal history. It later overruled his objection, finding that the guidelines were correctly calculated. *See* D.E. 234 at 48–49.

The district court addressed most of the sentencing factors and explained why the within-guideline sentence was appropriate. Because the district court's explanation was more than adequate to allow us to determine that it made the required individual assessment, Mr. Esteen has failed to demonstrate that his sentence was procedurally unreasonable.

## IV

Mr. Esteen also argues that his sentence was substantively unreasonable because the district court did not properly weigh the § 3553(a) factors, giving instead "almost exclusive weight" to his criminal history. We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall*, 552 U.S. at 51. Mr. Esteen, as the party challenging the sentence, has the burden of demonstrating that it is unreasonable in light of the record and the factors enumerated in § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error

of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. The court must also consider the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(6).

As previously discussed, the district court appropriately weighed the § 3553(a) factors. The district stated that "the nature of the circumstances of the offense are among . . . the most serious that we see on supervision" and recognized that Mr. Esteen could have been separately prosecuted for the offenses and could have faced a more severe penalty. *See* D.E. 234 at 43. *See also* § 3553(a)(1). It

8

recognized that Mr. Esteen had a "tough upbringing" and that it has "been difficult for him," but that the sentence was necessary in light of the seriousness of the offense, and the need to promote respect for the law, provide just punishment, avoid unwarranted sentencing disparity, afford adequate deterrence, and protect the public from Mr. Esteen's crimes. *See* §§ 3553(a)(1), (2), (6).[3]

After a review of the record, the district court determined that a 40-month sentence was appropriate. The district court did not abuse its discretion because there is no indication that it failed to consider the relevant factors, gave weight to an improper or irrelevant factor, or committed a clear error of judgment. Moreover, the sentence falls within the advisory guideline range, which is an indicator of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014) (recognizing that a sentence within the advisory guideline range is an indication of reasonableness). Accordingly, Mr. Esteen has not demonstrated that his 40-month sentence was unreasonable in light of the record and the § 3553(a) factors.

## V

For the reasons stated above, Mr. Esteen has not demonstrated that his sentence was procedurally or substantively unreasonable. Accordingly, we affirm Mr. Esteen's 40-month sentence upon revocation of his supervised release.

---

[3] To the extent Mr. Esteen argues that the district court erred by relying on a criminal history category of IV instead of II or III, any intervening changes to the way criminal history points are calculated do not affect his guideline range upon revocation of supervised release, which is calculated using the criminal history category applicable at the time of the initial sentencing. *See* U.S.S.G. § 7B1.4(a).

9

**AFFIRMED**.