# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50426

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KALEB MCCOWAN,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-333-4

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Kaleb McCowan appeals the 36-month sentence imposed by the district court following revocation of his supervised release. For the following reasons, we AFFIRM.

## I. Facts & Procedural History

In January of 2011, Kaleb McCowan pled guilty to conspiring to possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50426

The district court sentenced McCowan to a term of imprisonment of 27 months to be followed by a five-year term of supervised release.

The district court revoked McCowan's supervised release three times between 2013 and 2017. McCowan's supervision was revoked the third time for committing an assault that later resulted in a state conviction and a probationary sentence of 12 months. Following McCowan's return to supervision after the third revocation, the probation officer filed a petition for warrant or summons for offender under supervision, which charged McCowan with violating the terms of his supervision by: (1) using marijuana and cocaine and (2) failing to comply with the conditions of his drug rehabilitation program.

At the revocation hearing in May 2018, McCowan pled true to the two violations. His counsel acknowledged his substance abuse problem, argued that he was capable of completing an outpatient program, and requested a sentence at the low end of the guidelines range. The district court observed that there were two occasions when his parole could have been revoked but was not and that there was little more that could be done for McCowan. The district court then revoked McCowan's supervised release and sentenced him to three years of imprisonment with no supervised release to follow. The district court explained that it was sentencing McCowan to the statutory maximum term of imprisonment because it precluded a new term of supervised release and would free him from court oversight after his prison term was served. The district court recommended that McCowan receive drug treatment while in custody.  McCowan filed this appeal.

## II. Standard of Review

Ordinarily, this court reviews a sentence of imprisonment imposed upon revocation of a term of supervised release under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, where, as here, a defendant objects to his revocation sentence for the first time

2

on appeal, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To show plain error, McCowan must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks and citation omitted).

### III. Discussion

McCowan's sole argument on appeal is that the district court procedurally and substantively erred by failing to account for his anticipated state revocation sentence when it imposed the statutory maximum federal revocation sentence. Specifically, he asserts that the district court failed to consider the state sentence that would follow if his community supervision was revoked. *See* U.S.S.G. § 5G1.3(d) & cmt. (n.4(D)). We disagree.

As a threshold matter, sentences imposed following revocation of supervised release are subject to the policy statements of Chapter 7 of the Sentencing Guidelines. *See United States v. Johnson*, 640 F.3d 195, 208–09 (6th Cir. 2011); *United States v. Mathena*, 23 F.3d 87, 92–93 (5th Cir. 1994). Those policy statements favor the imposition of a consecutive sentence when a separate sentence is imposed following revocation but do not prohibit imposition of concurrent sentences. *See* U.S.S.G. Ch. 7, Pt. B, intro. cmt.; U.S.S.G. § 7B1.3(f), cmt. (n.4). Here, the district court specifically stated that it had considered the Chapter 7 policy statements prior to imposing McCowan's sentence. Accordingly, if the district court knew of the potential state revocation sentence, it was well within its discretion to decline to order concurrent sentences. *See Whitelaw*, 580 F.3d at 260 (the district court has discretion to impose consecutive or concurrent sentences upon revocation of supervised release); *see also United States v. Esteen*, 703 F. App'x 825, 828

(11th Cir. 2017) (holding that § 5G1.3(b) "does not apply to sentences imposed upon revocation of supervised release").

Moreover, at the time McCowan was sentenced, there was no record evidence indicating that a state sentence was even "anticipated." The record before the district court did not contain the state court order granting community supervision, a motion to revoke that supervision, or an order issuing a warrant for McCowan's arrest. Further, the state revocation motion and order were not filed until June 2018—a month after his federal revocation proceedings in May 2018. McCowan only appended these documents to his brief on appeal before this court. Likewise, the conduct underlying McCowan's state revocation proceedings differs from the conduct underlying his federal revocation proceedings so there is no indication that the district court should have known that his federal revocation would necessarily lead to revocation of his state community supervision. While § 5G1.3 applies to "anticipated" sentences, McCowan cites no authority requiring the district court to apply its provisions when the likelihood that a future sentence will be imposed is wholly speculative. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

The district court did not err, plainly or otherwise, in failing to consider that McCowan may potentially receive a subsequent state court sentence after imposing his federal revocation sentence. *See Puckett*, 556 U.S. at 135.

## IV. Conclusion

The judgment of the district court is AFFIRMED.

4