[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15583
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00343-CR-J-34-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN LEIGH MADKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 30, 2010)

Before CARNES, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Marvin Madkins appeals his sentences following his convictions for two

counts of recruiting, enticing, and transporting a minor, while knowing that force, fraud, and coercion would be used to cause that minor to engage in a commercial sex act, in violation of 18 U.S.C. § 1591, and knowingly transporting minors from Norfolk, Virginia to Jacksonville, Florida with the intent that they engage in prostitution, in violation of 18 U.S.C. § 2423(a). On appeal, Madkins raises two issues related to his Guideline calculations: (1) the district court erred in applying a two-level enhancement for unduly influencing a minor to engage in prohibited sexual conduct, pursuant to U.S.S.G. § 2G1.3(b)(2)(B), and (2) the district court plainly erred in applying a two-level enhancement for using a computer to entice, encourage, or solicit persons to engage in prohibited sexual conduct with minors, pursuant to U.S.S.G. § 2G1.3(b)(3)(B). After review, we affirm.

## I.

Madkins argues that while he influenced A.L. and M.M., an examination of the relevant factors, including (1) increased knowledge, (2) persuasive power, or (3) superior resources, reveals that he did not unduly influence A.L. and M.M. We review *de novo* a district court's application of the guidelines to the facts and review all factual findings for clear error. *United States v. Root*, 296 F.3d 1222, 1232 n.18 (11th Cir. 2002).

The Guidelines provide a two-level sentence enhancement if "a participant

. . . unduly influenced a minor to engage in prohibited sexual conduct . . ."

U.S.S.G. § 2G1.3(b)(2)(B). "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." U.S.S.G. § 2G1.3, comment. (n.3(B)); *see also United States v. Vance*, 494 F.3d 985, 996 (11th Cir. 2007) (explaining that the focus is on the defendant's intent, not whether the victim is real or fictitious). Application Note 3(B) further provides that, where a participant is at least ten years older than the minor, there is a rebuttable presumption of undue influence. U.S.S.G. § 2G1.3(b)(2), comment. (n.3(B)). In determining whether the defendant's conduct constituted undue influence, the court "may look to a variety of factors, including whether it displays an abuse of superior knowledge, influence and resources." *Root*, 296 F.3d at 1234.

We find no error in the application of a two-level enhancement for unduly influencing a minor to engage in prohibited sexual conduct. Madkins presented no evidence to rebut the presumption of undue influence arising from the over ten-year age difference between himself and A.L. and M.M., arguing only that the girls chose to engage in prostitution for pecuniary gain. Moreover, the presumption was amply supported by the evidence.

II.

Madkins also argues that the district court plainly erred in applying a two-level increase for using Craig's List to advertise the minor girls for prostitution, pursuant to U.S.S.G. § 2G1.3(b)(3)(B), arguing that the Guidelines commentary states that this enhancement applies only where the computer is used to communicate directly with a minor or a person who exercises custody, care, or supervisory control of the minor. Madkins contends that nothing in the record shows that a computer was used to communicate directly with A.L. or M.M. He argues that this error affected his substantial rights because it caused his advisory guideline range to increase from 360 months to life to simply life imprisonment. Because the district court varied his sentence downward from life to 50 years imprisonment, Madkins asserts that there is a reasonable probability that with the correct guideline range, the court would have sentenced him below fifty years' imprisonment.

Because Madkins challenges this enhancement for the first time on appeal, we review for plain error only. *See United States v. Vance*, 494 F.3d 985, 993 (11th Cir. 2007). "Plain error exists only where (1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness,

4

integrity or public reputation of a judicial proceeding." *Id.* In the context of a sentencing error and advisory Guidelines, the defendant cannot show that his substantial rights were affected if the impact of the error on the court's ultimate sentence is so uncertain and indeterminate as to be considered speculative. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

Pursuant to U.S.S.G. §2G1.3(b)(3)(B), a district court must apply a two-level increase to a defendant's offense level "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." Application Note 4 to § 2G1.3 explains that "[s]ubsection (b)(3) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G1.3, comment. (n.4). Guidelines commentary that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. *Stinson v. United States*, 508 U.S. 36, 45, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993). We have applied this two-level enhancement where the defendant communicated with a "father," who was a police officer, about having sex with the father's thirteen-year-old daughter. *United*

*States v. Murrell*, 368 F.3d 1283, 1284, 1289-90 (11th Cir. 2004); *see also Vance*, 494 F.3d at 997 (applying the enhancement where defendant communicated with an undercover officer whom he believed exercised supervisory control over minor girls).

Here, the district court arguably erred in applying this two-level enhancement. Madkins placed ads on Craig's List for A.L. and M.M.'s services, but nothing in the record suggests, as the commentary requires, that Madkins used a computer or interactive computer service to communicate directly with A.L. and M.M. or with a person who exercised care or custody of them.

Although a persuasive case has been made that the commentary is at odds with the plain language of this enhancement, we need not decide whether the commentary is inconsistent with or a plainly erroneous reading of the guideline, for the case can be decided on a narrower ground. Madkins has not shown that this error affected his substantial rights. Nothing in the record suggests that the district court would have imposed a different sentence absent this enhancement. At most, the impact of any revision to Madkins's guideline range is speculative, and Madkin cannot carry his burden to show prejudice or a miscarriage of justice. *See Rodriguez*, 398 F.3d at 1301.

The district court was adamant that Madkins deserved a life sentence, which

it believed a 50-year sentence for a 29-year-old individual accomplished.  The court stated that Madkins's "individual history and characteristics don't  do anything to warrant anything less than a life sentence.  Everything about this offense . . . suggests that you should have abandoned any right to live in freedom in a civilized society."  Moreover, even without this enhancement, the district court still could have imposed the same sentence and remained within an advisory range of 360 months to life in prison.  Because Madkins has not shown that this error affected his substantial rights, we affirm his sentences.

**AFFIRMED.**