[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13383
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00285-WSD-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSHUA THOMAS HILL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 17, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Joshua Thomas Hill ("Hill") appeals his 192-month sentence, imposed after

he pled guilty to conspiracy to engage in sex trafficking of minors in violation of 18 U.S.C. § 1594(c).  On appeal, Hill claims the district court erred by applying: (1) a two-level enhancement for using a computer to solicit a person to engage in unlawful sexual activity with a minor pursuant to U.S.S.G. § 2G1.3(b)(3)(B); and (2) another two-level enhancement for his supervisory role in the offense pursuant to U.S.S.G. § 3B1.1(c).  Upon review of the record and the parties' briefs, we affirm.

## I.

On February 19, 2012, Hill and his accomplices, Fabian Terran Murray ("Murray") and Clinton Saintvil ("Saintvil"), picked up two 14-year-old girls from a park with the intent of using them as prostitutes.  The group traveled to a local hotel where Hill rented a room in his name and had sex with the girls.  Hill paid Saintvil for picking up the girls and later asked Saintvil for his wife, Nicole Saintvil ("Mrs. Saintvil"), to post classified ads of the two on the internet.  To that end, Hill took nude photographs of the girls on his phone and sent the pictures to Mrs. Saintvil; however, she informed Hill that the nude photographs could not be used online.  Hill then photographed the girls in undergarments and sent the pictures to Mrs. Saintvil, who then used them to place online ads.

Hill offered the girls to clients for sexual acts, setting the prices charged and taking the illicit proceeds.  Hill used this money to pay Saintvil for driving the

2

women to meet a client and to reimburse Mrs. Saintvil for posting the online advertisements.

During the same time period, Hill also enlisted Saintvil's assistance to take a third young woman to various locations where she engaged in prostitution. As with the other two minors, Hill used internet ads to obtain clients for her.

Hill was indicted in federal court along with Murray and Saintvil for conspiracy to commit child sex trafficking and substantive counts of child sex trafficking in violation of 18 U.S.C. §§ 1594(c) and 1591(a)(1).[1] After Hill pled guilty to the conspiracy charge, the United States Probation Office recommended, among other enhancements, a two-level upward adjustment for Hill's leadership role in the offense under § 3B1.1(c). At sentencing, the Government urged the district court to apply an additional two-level enhancement for Hill's use of a computer to solicit individuals to engage in prohibited sexual conduct with minors under § 2G1.3(b)(3)(B). After considering the parties' arguments and the factors listed in 18 U.S.C. § 3553(a), the court imposed a 192-month sentence, applying both enhancements over Hill's objections. Hill filed a timely notice of appeal.

## II.

As noted above, Hill first challenges the district court's application of the computer-use enhancement in calculating his sentence. If a district court

---

[1]    Although irrelevant to our analysis, we note that the indictment also charged Hill, individually, as a convicted felon in possession of a firearm.

improperly calculates the appropriate sentencing guidelines range, the court commits procedural error.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  This Court reviews the district court's interpretation and application of the guidelines to factual findings de novo.  United States v. Dougherty, 754 F.3d 1353, 1358 (11th Cir. 2014).  The party challenging the sentence has the burden of showing the sentence to be procedurally unreasonable.  See United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).

In pertinent part, the sentencing guidelines provide for a two-level enhancement if the defendant used a computer to "(A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor."  U.S.S.G. § 2G1.3(b)(3).  In turn, application note 4 states:

> Subsection (b)(3) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement in subsection (b)(3) would not apply to the use of a computer or an interactive computer service to obtain airline tickets for the minor from an airline's Internet site.

U.S.S.G. § 2G1.3, cmt. n. 4.  The application note is authoritative unless we determine that it "is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123

4

L.Ed.2d 598 (1993).

Hill contends that the application note is consistent with the guideline, and therefore, the district court erred in applying the enhancement because he did not use a computer to communicate with the minors or a person who exercises control over the minors. We have not issued an opinion that squarely addresses whether this application note authoritatively informs § 2G1.3(b)(3)(B) or is a plainly erroneous reading of that guideline.[2] Following the Fifth Circuit, a number of our sister circuits have concluded that the application note is patently inconsistent with the guideline in light of the guideline's express terms and drafting history. United States v. Cramer, 777 F.3d 597, 604 (2d Cir. 2015); United States v. McMillian, 777 F.3d 444, 450 (7th Cir. 2015)[3]; United States v. Pringler, 765 F.3d 445, 454-56 (5th Cir. 2014), cert. denied, 135 S.Ct. 1000 (2015). The Ninth Circuit, in contrast, declined to take a stance on the matter, leaving its district courts to determine the appropriate application of the guideline. United States v. Jackson, 697 F.3d 1141, 1146 (9th Cir. 2012).

---

[2]    In United States v. Madkins, 390 F. App'x 849 (11th Cir. 2010), we acknowledged in dicta that "a persuasive case has been made that the commentary is at odds with the plain language of this enhancement[;]" however, we ultimately decided the case on narrower grounds. Id. at 852.

[3]    The Seventh Circuit previously reversed a district court's application of the enhancement because the Government conceded that it was inapplicable. United States v. Patterson, 576 F.3d 431, 443 (7th Cir. 2009). Our sister circuit recently issued an opinion rejecting the Government's erroneous concession and adopting the Fifth Circuit's analysis. McMillian, 765 F.3d at 450.

Today, we adopt the Fifth Circuit's well-reasoned analysis. See Pringler, 765 F.3d at 451-56. As in Pringler, Hill used a computer to advertise the sexual services of minors. Hill used his cellphone (itself a kind of computer)[4] to send photographs of the minor girls for Mrs. Saintvil to use in online ads offering minor girls for sex. This conduct clearly fits within the plain language of U.S.S.G. § 2G1.3(b)(3)(B)—i.e., use of a computer to "solicit a person to engage in prohibited sexual conduct with a minor." Id. at 454. Further, it appears the application note was a drafting error. As the Fifth Circuit explained:

> In addition, the drafting history of the Guideline shows that applying application note 4 to Subsection 3(B) is the result of a drafting error. The note was only intended to apply to "the situation posited in [Subsection 3(A)]." Winbush, 524 Fed.Appx. at 916. Before November 1, 2004, a single guideline section covered the promotion of a commercial sex act with another, regardless of the victim's age: U.S.S.G. § 2G1.1. It contained both a provision and application note with nearly identical language to that at issue here. As subsection (b)(5)(A) then stated:
>
>> If a computer or an Internet-access device was used to (A) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prostitution; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor, increase by 2.
>
> Application note 8 stated:

---

[4]    Hill does not argue that the cellphone with which Hill sent photographs to Mrs. Saintvil is not a computer. Any such argument is thus abandoned. See also United States v. Kramer, 631 F.3d 900, 902-03 (8th Cir. 2011) (defining a cell phone as a computer for purposes of the guidelines pursuant to 18 U.S.C. § 1030(e)(1)); U.S.S.G. § 2G1.3, cmt. n.1 (defining "computer" as having the meaning provided in 18 U.S.C. § 1030(e)(1)).

Subsection (b)(5)(A) is intended to apply only to the use of a computer or an Internet-access device to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement in subsection (b)(5)(A) would not apply to the use of a computer or Internet-access device to obtain airline tickets for the minor from an airline's Internet site.

(emphasis added). Crucially, the nearly identical application note specifies that it applies, or is logical, only to Subsection 3(A) of the enhancement, not to the entire enhancement.

Then, the Commission revised § 2G1.1 effective November 1, 2004, to cover only those offenses that do not involve minors by striking the entire language of § 2G1.1 and replacing it with language that addressed only adults. U.S.S.G. Appx. C, Vol. III, Amendment 664, page 25-31. In the same amendment, the Commission explained that offenses involving a minor victim were now to be sentenced under § 2G1.3. Id. at page 33. The Commission thereby amended the Guidelines by moving the previous language and commentary of § 2G1.1 involving minors to a new section § 2G1.3 at the end of subpart 1. Id. at 34. Thus came into being the new troublesome language of application note 4. The new application note mirrors the language of the old § 2G1.1 application note, with a big difference. That note which applied explicitly only to subpart (A) of § 2G1.1(b)(5) now applied to both provisions of (b)(3). This change was a mere drafting error.

Id. at 454-55 (footnote omitted).

Because the application note is inconsistent with the plain language of

U.S.S.G. § 2G1.3(b)(3)(B), the plain language of the guideline controls. Stinson,

508 U.S. at 38, 113 S.Ct. at 1915. Here, Hill's actions fall squarely within the

language of the enhancement; he used his cellphone to place online ads offering

young girls for prohibited purposes. Thus, the district court did not err in

7

increasing his offense level.

### III.

Hill also asserts that the district court erred by enhancing his base offense level for his role as an organizer, leader, manager, or supervisor under U.S.S.G. § 3B1.1(c). A district court may commit procedural error by selecting a sentence based on clearly erroneous facts. Gall, 552 U.S. at 51, 128 S.Ct. at 597. The district court's determination of the defendant's role in the criminal offense is a finding of fact we review for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). A factual finding is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction, after review of the entire evidence, that a mistake has been made. United States v. Barrington, 648 F.3d 1178, 1195 (11th Cir. 2011).

The role enhancement under § 3B1.1(c) provides for a two-level increase where "the defendant was an organizer, leader, manager, or supervisor" in a criminal activity involving fewer than five people. U.S.S.G. § 3B1.1(c). Application note 4 lists a number of factors for the district court to consider in determining the defendant's role in the offense, including the following:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

8

Id. § 3B1.1(c), cmt. n.4.  An individual has a supervisory or managerial role where, for example, he recruits others to make his criminal scheme more effective, sets the prices to be paid for the illegal services, and pays his co-conspirators while keeping a larger portion of the profits for himself.  United States v. Njau, 386 F.3d 1039, 1041 (11th Cir. 2004).

The district court's finding that Hill exercised a supervisory role in the criminal scheme was not clearly erroneous.  See Njau, 386 F.3d at 1041.  Hill actively recruited Saintvil and his wife to aid him in his criminal scheme, paying them for the services they rendered.  Hill arranged transportation for the young girls to meet clients, set the prices they were to charge, and kept the majority of the illegal gains for himself.  He also took the lewd photographs Mrs. Saintvil posted online at Hill's direction.  Based on these facts, the district court appropriately added two levels pursuant to § 3B1.1(c).

AFFIRMED.