[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11163
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00411-ACA-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE PASCUAL RAMIREZ-FLORES,
a.k.a. Jorge Pascual Ramirez-Flores,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 27, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jorge P. Ramirez-Flores ("Flores") appeals his above-guidelines 240-month total sentence after pleading guilty to four counts of drug trafficking offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Counts 1-4).[*] Flores's sentence reflects a 105-month upward variance from the applicable guideline range. On appeal, Flores argues that his sentence is procedurally unreasonable because the district court failed to consider adequately the 18 U.S.C. § 3553(a) factors and also relied on erroneous facts. Flores further contends that the orally pronounced sentence differed from the sentence as a written judgment. Flores also contends that his sentence is substantively unreasonable because the district court placed unwarranted weight on a single § 3553(a) factor and failed to provide significant justification for the major upward variance.

I.

---

[*] Flores also pleaded guilty to possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). On appeal, Flores says expressly that he raises no challenge to the mandatory 60-month consecutive sentence imposed on Count 5. In his initial appellate brief, Flores made no argument that the district court failed to consider adequately the effect of the mandatory consecutive sentence on Count 5 when the district court imposed its sentence on Counts 1 through 4. Accordingly, we will not address that argument on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (issues not "plainly and prominently" raised in an initial appellate brief are deemed abandoned).

2

We first address the discrepancy between the district court's orally pronounced sentence and the district court's written judgment.  At the sentencing hearing, the district court pronounced orally a sentence "of 240 months as to Counts 1, 2, 3, and 4, with each count to run concurrently with the other."  The district court's written judgment, however, describes Flores sentence this way: "Sentence as to Counts 1 and 4, custody of the Bureau of Prisons for 120 months to run consecutively, as to Counts 2 and 3, custody of the Bureau of Prisons to run 60 months per count to run concurrent with Counts 1 and 4 . . .."

That an unambiguous conflict exists between the orally pronounced sentence and the written judgment is undisputed.  It is well-settled in this Circuit that when a district court's orally pronounced sentence unambiguously conflicts with its written order of judgment, the oral pronouncement governs.  *See e.g., United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000) (holding that the district court's orally pronounced five-year term of supervised release governed as opposed to the three-year term pronounced in the written judgment); *Henley v. Heritage*, 337 F.2d 847, 848 (5th Cir. 1964) (concluding that the oral pronouncement must control based in part on the requirement in Fed. R. Crim. P. 43 that a defendant be present when the sentence is announced).

Flores contends that the material variance between the oral sentence and the written judgment mandates a vacatur of his sentence.  We disagree.  When there

3

exists a conflict between an orally pronounced sentence and the written judgment, the proper remedy is a limited remand with instructions for the district court to enter an amended judgment that conforms to its earlier oral pronouncement. *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009) (remanding for the district court to amend its written judgment when the district court orally pronounced a sentence of 108 months' imprisonment but the written judgment ordered a sentence of 84 months' imprisonment); *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000) (remanding for the district court to amend its written judgment when the district court orally ordered Chavez to "attend" a court rehabilitation program but required him to "successfully complete" the program in its written order).

Accordingly, we remand to the district court for the limited purpose of amending the written judgment to conform with the orally pronounced sentence: 240 months' imprisonment on each of Counts 1 through 4 to run concurrently.

## II.

We next address Flores's challenge to the reasonableness of his 240-month sentence on Counts 1 through 4.  In reviewing a sentence for reasonableness, we first consider whether the district court committed a significant procedural error

and next consider whether the sentence was substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging the sentence has the burden of showing that the sentence was procedurally and substantively unreasonable.  *United States v. Hill*, 783 F.3d 842, 844 (11th Cir. 2015).

A sentence is procedurally unreasonable when a district court commits an error such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) factors, sentencing based on erroneous facts, or failing to explain the sentence given.  *Gall*, 552 U.S. at 51.  If a district court selects a sentence based on a clearly erroneous fact for which no record evidence exists, the sentence is procedurally unreasonable.  *United States v. Barner*, 572 F.3d 1239, 1251 (11th Cir. 2009).  The district court's statements at sentencing must be sufficient for an appellate court to determine that the district court considered the parties' arguments and had a reasoned basis for the sentence imposed.  *Rita v. United States*, 551 U.S. 338, 356 (2007).

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review.  *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Id.*

The district court must impose a sufficient sentence that is not greater than necessary to satisfy the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

The weight given to any specific § 3553(a) factor is "a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court need not discuss each factor individually if it acknowledges, generally, that it considered the defendant's arguments and the § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The sentencing court may base its findings of fact on facts admitted by a defendant's guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing hearing. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

While the district court has discretion to impose a sentence outside the guideline range, a major variance does require a more significant justification than a minor one. *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*). Although we may consider the extent of a variance, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

A sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. *Gonzalez*, 550 F.3d at 1324. We will only vacate a defendant's sentence if we are left with the firm conviction that the district court committed clear error in weighing the § 3553(a) factors and imposing a sentence outside the range of reasonable sentences based on the facts. *Irey*, 612 F.3d at 1190.

Flores's argument that the district court's total sentence of 240 months on Counts 1-4 was procedurally unreasonable fails: the record shows that the district court considered the § 3553(a) factors; did not rely on erroneous facts when imposing its sentence; and understood that, while it was required to consider the Guidelines, it was not bound by them. Flores's argument that his sentence was substantively unreasonable also fails: the district court was permitted under its discretion to place great weight on one § 3553(a) factor and the district court adequately explained the reason for the variance.

7

In sum, we affirm Flores's total 240-month sentence on Counts 1 through 4. We remand to the district court for the limited purpose of amending the written judgment to conform with the district court's orally pronounced sentence.

**AFFIRMED IN PART AND REMANDED.**