[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13398
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-20210-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MONTAN TILLMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 23, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Montan Tillman appeals his 33-month sentence for possession of a firearm

and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal,

Tillman argues that the district court committed a procedural error in imposing his

sentence because it failed to provide sufficient justification for varying from U.S.S.G. § 5G1.3(c), which advises that the sentence for the instant offense "shall be imposed to run concurrently" to an anticipated state sentence. After careful review, we affirm.

We review a district court's sentencing decisions, including whether to impose a concurrent or consecutive sentence, under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009). The party challenging the sentence bears the burden of showing that the sentence is procedurally unreasonable. United States v. Hill, 783 F.3d 842, 844 (11th Cir. 2015). We review the application of U.S.S.G. § 5G1.3 de novo. United States v. Bidwell, 393 F.3d 1206, 1208-09 (11th Cir. 2004).

In reviewing a sentence for procedural reasonableness, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Gall, 552 U.S. at 51).[1]

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

Here, the relevant Sentencing Guideline provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c) (emphases added). According to Congress, the default presumption is to run multiple terms of imprisonment imposed at different times consecutively. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). The Supreme Court has instructed that in the first instance, the district court, rather than the Bureau of Prisons, should decide whether a sentence runs concurrently or consecutively with an anticipated state sentence. See Setser v. United States, 566 U.S. 231, 242-43 (2012).

A sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," Rita v. United States, 551 U.S. 338, 356 (2007), and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at

---

offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

50. The district court is not required to discuss each § 3553(a) factor and must only acknowledge that it considered the defendant's arguments and those factors. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). We may look at the record and the context of a case to determine the district court's reasoning in imposing a specific sentence. Rita, 551 U.S. at 359.

When a district court imposes a sentence outside the applicable Guidelines, "[it] must explain why the variance is appropriate and cite 'sufficient justifications.'" United States v. Brown, 772 F.3d 1262, 1266 (11th Cir. 2014). A district court has the discretion to impose a sentence outside of the Guidelines' recommendations based on, inter alia, a judgment by the district court that the policies behind the Sentencing Guidelines are wrong. See Kimbrough v. United States, 552 U.S. 85, 91, 101-05 (2007). Notably, a rejection based on a policy disagreement with the Sentencing Guidelines is generally subject to closer scrutiny on appellate review. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010). This is because the Sentencing Commission and sentencing courts have "discrete institutional strengths." Kimbrough, 552 U.S. at 109. The Commission "has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." Id. (quotations omitted). The sentencing judge, on the other hand, is in a superior position to apply the § 3553(a) factors in a particular case. Id.; see also Gall, 552 U.S. at 51 (holding that the

4

reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance").

Nevertheless, in Kimbrough, which involved the district court's application of crack cocaine guidelines, the Supreme Court indicated that a district court was free to disagree with a guideline when that guideline reflected a policy judgment of the Sentencing Commission rather than a Congressional directive. 552 U.S. at 109-10; accord United States v. Vega-Castillo, 540 F.3d 1235, 1239 (11th Cir. 2008). And later, in Pepper v. United States, the Supreme Court made clear that a district court may, in appropriate cases, impose a non-guidelines sentence based on a disagreement with the Commission's views. 562 U.S. 476, 501 (2011). That is particularly true, the Supreme Court noted, when the Commission's views rest on a policy rationale not reflected in the sentencing statutes Congress has enacted. Id.

Here, the district court gave a sufficient explanation for its decision declining to run Tillman's sentence for the instant federal offense concurrently to his anticipated state sentence. At the sentencing hearing, defense counsel and the district court had a fairly detailed exchange about Tillman's anticipated state sentence. Defense counsel said, "I know that the probation officer appropriately pointed out that under 5G1.3(c), I guess it works that the Court should put in the judgment that this case should run concurrent." The district court responded, "How can it run concurrent to something that hasn't happened? That's what I don't

5

understand," and "I think these people have too much time to come up with this language." The district court added that after it imposed the sentence in this case it believed the state would likely dismiss Tillman's pending state case. Before imposing the 33-month sentence, the district court declared it had "considered the statements of all the parties, the presentence report which contains the advisory guidelines, and the statutory factors set forth in 18 U.S.C. section 3553(a)."

After the district court asked if Tillman had any objections, Tillman's counsel answered that he had no objections but that he was "worried personally about this 5G1.3(c) because I'm - - what I'm afraid is going to happen here is that if that's not in the judgment, which is called for by the guidelines, that something could happen in state court where they prosecute him, where he does get a sentence and they end up being consecutive. So I would just ask the Court to - -." In response, the district court directed Tillman's counsel to ask the state court "for it to be concurrent, because [the state court is] the one that -- I mean, I've already got a sentence. No, I don't want to do that. It bothers my sensibilities. It offends my sensibilities. Doesn't make sense to me." The district court continued: "I do understand what you're saying. Do you know how many handwritten requests to not object to it being concurrent I get from prison? A lot. And you know what? I always agree and I always say I have no objection to it being concurrent, that was not my intention, unless it was my intention to make it consecutive, in which case I say no, you're

6

stuck. It's supposed to be consecutive. I didn't mention it, but now that you mentioned it, it should be consecutive. But no, I would not object to it that if it happens." The court again repeated that it did not think that Tillman would be prosecuted in state court.

When a district court imposes a sentence outside the applicable Guidelines, "[it] must explain why the variance is appropriate and cite 'sufficient justifications.'" Brown, 772 F.3d at 1266. Here, the district court fulfilled this obligation in its exchanges with defense counsel when it said that it chose not to specify that the sentences should run concurrently; that it did not agree with the Guidelines' rule that an anticipated sentence should run concurrently, and that in this case, it expected that the state would dismiss Tillman's state case upon learning of his federal sentence; and that if Tillman later asked the district court whether it objected to the state and federal sentences running concurrently, the district court would not object in Tillman's case, even though in other cases the district court would object to it running concurrently "now that [the defendant] mentioned it." The district court added that it had considered the factors enunciated in § 3553(a) as well as both the PSI and defense counsel's statements concerning § 5G1.3(c).

Moreover, the Congressional directive concerning concurrent sentences is not fully embodied by § 5G1.3. As set forth in the statute, multiple terms of imprisonment imposed at different times are to run consecutively unless otherwise

ordered by the district court.  18 U.S.C. § 3584(a).  Section 5G1.3(c) of the Guidelines, however, provides that a federal sentence must run concurrently to an anticipated state sentence, but the reason for that Guideline appears to hinge on the view of the Sentencing Commission that courts should be aware that the benefits of a concurrent sentence are available when a state sentence is anticipated.  Because the Commission's view is not the same as the view of expressed in the statute, the district court was free to disagree with the Commission's view and impose a sentence that did not conform to § 5G1.3(c).

Not only was the district court's unwillingness to apply § 5G1.3(c) a proper exercise of discretion under Kimbrough and Pepper, the court's decision was reasonable under the circumstances of this case.  Notably, Tillman's pending state case did not involve exactly the same charge as his federal case: his federal offense covered possession of a firearm by a convicted felon, while the state case involved additional offenses, including resisting an officer and tampering with physical evidence.  On this record, the district court did not abuse its discretion by questioning the Sentencing Commission's policy that advises that a defendant receive a concurrent sentence in every federal case that involves only some relevant conduct in a pending state case, and we affirm its decision not to run Tillman's federal sentence concurrently with his anticipated but not-yet-imposed state sentence.

**AFFIRMED.**

8

JORDAN, Circuit Judge, dissenting:

The court affirms Mr. Tillman's sentence because it concludes that the district court could properly disagree with the policy behind U.S.S.G. § 5G1.3(c) and thereby decline to run the sentence concurrent with a yet-to-be-imposed state sentence on related charges. If the record were clear that the district court based its decision on a policy disagreement with the Sentencing Commission, I too would affirm.

But the ground on which the district court relied is not at all apparent from the sentencing transcript. The district court (a) indicated that it could not impose a sentence that would be concurrent with a sentence that had not yet been imposed in state court, (b) suggested that Mr. Tillman had to ask the state court for a concurrent sentence, (c) and said that the federal sentence was "supposed to be consecutive." Given these comments, I do not place too much weight on the district court's additional statement that a concurrent sentence would "offend[ ] my sensibilities."

I would remand so that the district court could tell us the reason for not imposing a concurrent sentence. That way we would have a sufficient record to allow us to meaningfully review the district court's exercise of its authority. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

9