[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12467

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MADISON KING,
a.k.a. KAT182616,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:19-cr-00089-MW-MAF-2

_____

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Madison King appeals her total sentence of 23 years' imprisonment imposed following her guilty plea to three child pornography related counts.  King argues on appeal that (1) the district court procedurally erred when it failed to consider her anticipated state sentence on pending state charges as a mitigating factor; and (2) the district court plainly erred by applying a four-level enhancement under U.S.S.G. § 2G1.2(b)(4)(B),[1] on the ground that the offense involved material portraying a toddler because a three-year-old child is not a toddler.  After review, we affirm.

## I.    Background

In 2020, King pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute, receive, and possess child pornography (Count 1), conspiracy to produce child pornography (Count 2), and distribution of child pornography (Count 4). King's presentence investigation report ("PSI") indicated that the offense level was 52, which included a four-level enhancement under U.S.S.G. § 2G2.1(b)(4)(B), because the material involved portrayed an infant or toddler—specifically, King made a video of herself

---

[1] We note the discussion of § 2G1.2 in this opinion is based on the version in effect in the 2018 Guidelines Manual used to calculate King's guidelines range. Section 2G1.2 has since been consolidated with § 2G2.1 in the 2021 Guidelines Manual.

performing oral sex on a three-year-old male. However, because the highest offense level under the Guidelines Sentencing Table is 43, King's offense level would be treated as 43.[2] The resulting guidelines range was the combined statutory maximum for King's offenses—840 months' imprisonment.[3] King raised many objections to the guidelines calculation in the PSI, but she did not object to the four-level increase under § 2G2.1(b)(4)(B). Counts One and Four carried a statutory mandatory-minimum term of 5 years' imprisonment, and a maximum of 20 years' imprisonment. Count Two carried a mandatory-minimum term of 15 years' imprisonment and a maximum of 30 years' imprisonment. Finally, King's PSI indicated that, based on the same conduct, King had been arrested in Georgia on a warrant charging her with (1) "aggravated sodomy-with force against [a] person['s] will or person is less than 10 Years Old"; (2) aggravated child molestation; (3) computer or electronic pornography; (4) child molestation; and (5) "employ/use [of a] minor to engage in/assist person in sexually explicit conduct for visual medium." But no formal charges had been filed.

---

[2] U.S.S.G. Ch. 5, Pt. A cmt. (n.2) provides that "[i]n rare cases, a total offense level . . . of more than 43 may result from application of the guidelines. . . . An offense level of more than 43 is to be treated as an offense level of 43."

[3] King's base offense level of 43 and her criminal history category of I, resulted in a guidelines range of life. However, where, as here, "the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. §§ 5G1.1(a), 5G1.2(b) cmt. (n.3(B)).

In her sentencing memorandum, King argued that the minimum of 15 years' imprisonment for Count Two would be sufficient to fulfill the goals of sentencing based on, in relevant part, "the arbitrary nature of the applicable guideline" and "the 25 year mandatory minimum penalty she faces in Georgia for what amounts to essentially the same offense" based on the state prosecutor's expressed intention to prosecute her.

At the sentencing hearing, the district court sustained one of King's objections to the guidelines calculation resulting in an adjusted base offense level of 50, which was still treated as 43, per Chapter 5 of the Guidelines. Thus, the resulting guidelines range remained 840 months' imprisonment. King reiterated her argument that the 15-year mandatory-minimum term for Count Two was "more than adequate," and urged the district court to consider that there was a "dual prosecution" in federal and state court "for essentially the same conduct." She asserted that the only reason her conduct constituted a federal offense was because it was captured on 29 seconds worth of video, and that she would be punished for the actual acts depicted in the videos in state court. The government emphasized that, although the state indicated that it intended to pursue charges, it had not filed charges yet, and it was inappropriate to assume what sentence she would receive in state court. The government argued that a minimum of 25 years' imprisonment was appropriate.

The district court stated it was "not going to try to divine what the State of Georgia is going to do," and noted that it did not

agree that the federal charges to which King pleaded guilty were "simply duplicating" the potential state charges. However, the district court explained that it would order that the sentence it imposed run concurrently to any sentence imposed by the state. After considering the 18 U.S.C. § 3553(a) factors, the district court ultimately varied downward from the guidelines and imposed a total 23-year sentence to be followed by 10 years' supervised release "to run concurrent with whatever sentence is imposed in Georgia."[4] This appeal followed.

## II.    Discussion

*A.    Whether the district court procedurally erred when it failed to consider King's anticipated state sentence on pending state charges as a mitigating factor*

King argues that the district court procedurally erred when it failed to consider her anticipated sentence for the same conduct in state court as a relevant mitigating factor, despite her plea for leniency due to the forthcoming state prosecution. She argues that the district court rejected her argument on the basis that the state and federal charges were not duplicative of one another and were for "separate wrongs." She asserts that the district court's

---

[4] The district court initially imposed a total sentence of 25 years' imprisonment, but King's counsel requested that the court take into account that King had been in the state's custody for two years for which she would not receive credit on the federal sentence. The district court then reduced the total sentence to 23 years' imprisonment.

reasoning was based on the wrong standard and "in derogation of the letter and spirit of U.S.S.G. § 5G1.3," and failed to recognize the court's power to offset her federal sentence in deference to the anticipated state sentence to avoid duplicative punishment for the same conduct.

Although King argued at sentencing that the district court should consider her anticipated state sentence when determining the federal sentence, she never argued that the district court failed to follow U.S.S.G. § 5G1.3 or failed to recognize that it had the authority to offset her federal sentence. As she also did not object to the procedural reasonableness of her sentence, we review this claim for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).[5] To establish plain error, King must show "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected [her] substantial rights. If all three conditions are met, we then decide whether the error seriously affected the

---

[5] In *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020), the Supreme Court held that where a defendant advocates for a particular sentence in the district court, he preserves a challenge to the substantive reasonableness of his sentence. However, the Supreme Court expressly declined to address what is sufficient to preserve a procedural challenge. *Id.* at 767; *see also id.* at 767 ("[W]e do not decide what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at a chosen sentence. . . . Nevertheless, as we have previously explained, failing to object at all to a procedural error . . . will subject a procedural challenge to plain-error review." (quotation omitted) (Alito, J., concurring)). Therefore, *Vandergrift* remains good law.

fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations adopted) (quotations and internal citations omitted). King bears the burden of showing that the sentence is procedurally unreasonable. *United States v. Hill*, 783 F.3d 842, 844 (11th Cir. 2015).

In reviewing a sentence for procedural reasonableness, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

King cannot show that any error occurred, much less a plain error. Section 5G1.3(c) of the Guidelines provides that if

> a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

Courts "must consider the advice of § 5G1.3," but are not required to impose a sentence concurrently. *United States v. Henry*, 1 F.4th 1315, 1326 (11th Cir. 2021). Here, the district court considered the advice of § 5G1.3(c) and ordered that the federal sentence run

concurrently to any state sentence imposed in the anticipated prosecution. Section 5G1.3(c) requires nothing more.

The concurrent sentence doctrine embodied in § 5G1.3 serves to "protect a defendant against having the length of [her] sentence multiplied by duplicative consideration of the same criminal conduct." *United States v. Bidwell*, 393 F.3d 1206, 1210 (11th Cir. 2004) (alterations adopted) (quoting *Witte v. United States*, 515 U.S. 389, 405 (1995)). But nothing in § 5G1.3 provides that the district court must consider an anticipated state sentence for relevant conduct as a mitigating circumstance or that an anticipated sentence should otherwise offset the federal sentence. Furthermore, King has cited no authority from the Supreme Court or this Court in support of her position that an anticipated state sentence must be considered as a mitigating factor. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

Moreover, the record reflects that the district court adequately considered the § 3553(a) factors, including numerous mitigating factors. In particular, the court cited as mitigating factors King's age; her history of substance abuse; her traumatic childhood, which included sexual abuse; and her past abusive relationships. It then concluded that, in light of the mitigating and aggravating circumstances, the 23-year sentence was "sufficient, but not

greater than necessary to comply with the statutorily defined purposes of sentencing." In short, King has not put forth any other circumstance relevant to the determination of an appropriate sentence that the district court failed to consider. Thus, she has failed to demonstrate procedural error, much less a "plain" procedural error. *Pugh*, 515 F.3d at 1190.

B.        *Whether the district court erred in applying the four-level enhancement under U.S.S.G. § 2G2.1(b)(4)(B)*

King argues that the district court plainly erred in applying § 2G2.1(b)(4)(B)'s four-level enhancement for material portraying an infant or toddler, because the material in her case involved a three-year-old, and a three-year-old is not a toddler. Because King did not raise this objection in the district court, we review this claim only for plain error. *Vandergrift*, 754 F.3d at 1307.

We do not reach the merits of King's error argument, however, because King cannot show that the alleged error affected her substantial rights for purposes of plain error review. Even without the four-level enhancement, King's adjusted offense level would have been 46, which as discussed previously, is treated as a 43, and the guidelines range would have remained 840 months' imprisonment. Accordingly, she failed to demonstrate that the alleged error affected her substantial rights. *United States v. Ruan*, 966 F.3d 1101, 1172–74 (11th Cir. 2020) (holding that defendant failed to demonstrate the error affected his substantial rights where the offense level remained 43 and "it would not have changed the calculation of the guideline range"), *cert. granted*, *Ruan v. United States*,

142 S. Ct. 457 (2021); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018) (explaining that to satisfy the substantial rights prong, a defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (quotation omitted)); *Molina-Martinez v. United States*, 578 U.S. 189, 198–201 (2016) (holding that, generally, a defendant will be able to demonstrate a reasonable probability of a different outcome where the district court applied "an incorrect, higher Guidelines range").

In light of the above, we affirm King's sentence.

**AFFIRMED.**