[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14128

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERNESTO MORALES BACALLAO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20074-JLK-1

_____

Before ROSENBAUM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Ernesto Morales Bacallao appeals the reasonableness of his 87-month sentence for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. He argues that his sentence was procedurally unreasonable because the district court failed to adequately consider his arguments or explain its reasons for rejecting them, and that his sentence was substantively unreasonable, *inter alia*, because it overstated his culpability as a low-level courier. We affirm.

When reviewing a sentence for reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Under this standard, we first decide whether the district court committed any significant procedural error and next whether the sentence was substantively reasonable. *Id.* The party challenging the sentence has the burden of showing that the sentence was procedurally and substantively unreasonable. *United States v. Hill*, 783 F.3d 842, 844 (11th Cir. 2015). We review *de novo* a claim that the district court failed to adequately explain its chosen sentence, regardless of whether the defendant objected on this ground at sentencing. *United States v. Bonilla,* 463 F.3d 1176, 1181 & n.3 (11th Cir. 2006).

21-14128                Opinion of the Court                3

A sentence may be procedurally unreasonable if the district court improperly calculates the guideline range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, sentences based on clearly erroneous facts, or fails to adequately explain its chosen sentence. *Gall*, 552 U.S. at 51. The district court's explanation of its chosen sentence must be sufficient for us to determine that the court considered the parties' arguments and had a reasoned basis for imposing the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). But how much of an explanation this requires depends on the circumstances of the particular case. *Id.* at 356-57. Generally, "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted). The § 3553(a) factors include the

nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Other factors include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence; and to protect the public from further crimes of the defendant. *Id.* § 3553(a)(2)(A)-(C). We ordinarily expect a sentence within the guideline range to be reasonable. *Gonzalez*, 550 F.3d at 1324.

Here, Bacallao's 87-month sentence was procedurally and substantively reasonable. First, the district court thoroughly explained its reasons for rejecting Bacallao's argument as to the drug purity issue and acknowledged that it had considered his other arguments and the § 3553(a) factors. The court made clear that it viewed the application of the purity enhancement to couriers as a potential "problem," but one that did not apply in this case because Bacallao "knew he was dealing with serious distribution" and because of his previous receipt of methamphetamine. Second, Bacallao has cited no law requiring a district court to impose a downward variance to offset the harshness of the purity enhancement when applied to a defendant who possessed the drug without knowledge of its purity, and it was within the court's discretion to apply the purity enhancement as called for under the Sentencing Guidelines. As to Bacallao's other arguments, it was within the court's discretion to weigh the § 3553(a) factors to arrive at a reasonable sentence as dictated by the facts of the case. *Irey*, 612 F.3d at 1190. Bacallao was found in possession of over a kilogram of

21-14128               Opinion of the Court                    5

highly pure methamphetamine. His 87-month sentence was at the bottom of the guideline range, and this Court ordinarily expects a guideline-range sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324. Accordingly, we affirm.

**AFFIRMED.**